696 So.2d 693 (1997)
Chadwick WILLACY, Appellant,
v.
STATE of Florida, Appellee.
No. 86994.
Supreme Court of Florida.
April 24, 1997.
Rehearing Denied June 4, 1997.
*694 James B. Gibson, Public Defender and George D.E. Burden, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
SHAW, Justice.
We have on appeal the sentence of the trial court imposing the death penalty on Chadwick Willacy on resentencing. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
The facts are set out fully in our opinion on direct appeal. See Willacy v. State, 640 So.2d 1079 (Fla.1994). Marlys Sather returned from work unexpectedly, September 5, 1990, and found her next door neighbor, Chadwick Willacy, burglarizing her house. Willacy bludgeoned Sather and bound her hands and ankles with wire and duct tape. He choked and strangled her, and because she was still alive, doused her with gasoline and set her on fire. He was charged with first-degree murder, arson, robbery, and burglary, and was convicted on all counts and sentenced to death on the first-degree murder count.
We affirmed the convictions and sentences, except for the death sentence, which we vacated because the trial court did not give defense counsel an opportunity to rehabilitate a juror who said she was opposed to the death penalty. We remanded for a new penalty proceeding before a jury. On retrial, the State presented evidence of the crime and testimony of Sather's son and two daughters. Willacy presented the testimony of relatives and friends. The court followed the jury's eleven-to-one recommendation and sentenced Willacy to death, finding five aggravating circumstances,[1] no statutory mitigating *695 circumstances, and many nonstatutory mitigating circumstances.[2] Willacy raises eleven issues.[3]
Judge Yawn presided over Willacy's first trial and was appointed to conduct the penalty trial on remand. Prior to retrial, Willacy sought to have Judge Yawn disqualified, claiming that because of the first trial the judge was biased in favor of death and had his mind made up concerning Willacy. Judge Yawn denied the motion as untimely and legally insufficient. Willacy claims that this was error. We disagree. A motion for disqualification ordinarily must be filed within ten days after the grounds for disqualification are discovered.[4] Judge Yawn was appointed to retry this case November 28, 1994, and Willacy did not seek disqualification until February 17, 1995, long after the ten-day limit had expired. The grounds for the motion were in existence since the first trial and Willacy was represented by counsel throughout this period. We find no error.[5]
The State on retrial introduced testimony, photos, and a videotape depicting Sather's burned body, and Willacy now claims this was error. We disagree. The admissibility of this evidence was within the trial court's discretion and we find no abuse. See Teffeteller v. State, 495 So.2d 744, 745 (Fla.1986). The evidence was relevant to show the circumstances of the crime and to establish a basis for two aggravating circumstances (i.e., that the murder was heinous, atrocious, or cruel, and that it was committed in a cold, calculated, and premeditated manner). We find no error.
Willacy argues that the court erred in finding several aggravating circumstances. He asserts inter alia that the State failed to prove each beyond a reasonable doubt. We note, however, that it is not this Court's function to reweigh the evidence to determine whether the State proved each aggravating circumstance beyond a reasonable doubtthat is the trial court's job.[6] Rather, our task on appeal is to review the record to determine whether the trial court applied the right rule of law for each aggravating circumstance and, if so, whether competent substantial evidence supports its finding.[7] This *696 division of labor between trial and appellate courts is essential to "promote the uniform [i.e., legally consistent] application of [aggravating circumstances] in reaching the individualized [i.e., fact-specific] decision required by law." Campbell v. State, 571 So. 2d 415, 420 (Fla.1990).
Willacy argues that the court erred in finding that the murder was heinous, atrocious, or cruel (HAC). We disagree. Sather was beaten, strangled, and burned. Each of these factors has been ruled dispositive of HAC.[8]See, e.g., Whitton v. State, 649 So.2d 861 (Fla.1994) (victim was beaten to death), cert. denied, ___ U.S. ___, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); Taylor v. State, 630 So.2d 1038 (Fla.1993) (victim was incapacitated, then strangled); Henry v. State, 613 So.2d 429 (Fla.1992) (victims were incapacitated, then set on fire). The court applied the right rule of law,[9] and competent substantial evidence supports its finding. We find no error.
Willacy contends that the court erred in finding that the murder was committed to avoid arrest. We disagree. When Sather surprised Willacy burglarizing her house, he bludgeoned her and tied her hands and feet. At that point, Sather posed no immediate threat to Willacy: She was incapable of thwarting his purpose or of escaping and could not summon help. There was little reason to kill her except to eliminate her as a witness since she was his next door neighbor and could identify him easily and credibly both to police and in court. See Thompson v. State, 648 So.2d 692, 695 (Fla.1994), cert. denied, 515 U.S. 1125, 115 S.Ct. 2283, 132 L.Ed.2d 286 (1995). The court applied the right rule of law to these facts,[10] and competent substantial evidence supports its finding. We find no error.
Willacy claims that the court improperly doubled the aggravating circumstances of commission during the course of a robbery, arson, and burglary, and commission for pecuniary gain. We disagree. Arson and pecuniary gain are unrelated and do not constitute improper doubling. See Henry v. State, 613 So.2d 429, 433 (Fla.1992). We find no error.
Willacy next argues that the court erred in finding that the murder was committed in a cold, calculated, and premeditated manner. We disagree. After Willacy bludgeoned and bound Sather, he choked and strangled her. Because Sather would not die, Willacy moved her into another room; obtained a can of gasoline from the garage; retrieved a fan from another room; disabled the three smoke detectors in the house; doused Sather with gasoline; set her on fire; and trained the fan on her to feed the flames. See Walls v. State, 641 So.2d 381 (Fla.1994). The court applied the right rule of law,[11] and competent substantial evidence supports its finding.[12] We find no error.
Finally, Willacy asserts that his death sentence is disproportionate. We disagree. See, e.g., Henry v. State, 613 So.2d 429 (Fla. 1992) (affirming death sentence based on the same five aggravating circumstances as this case and two mitigating circumstances). We find the remainder of Willacy's claims to be without merit.[13]
*697 Based on the foregoing, we find that the conviction for first-degree murder is adequately supported in the record and the sentence of death is proportionate. We affirm the death sentence.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The court found the following aggravating circumstances: 1) The murder was committed in the course of a robbery, arson, and burglary; 2) the murder was committed to avoid lawful arrest; 3) the murder was committed for pecuniary gain; 4) the murder was especially heinous, atrocious, or cruel (HAC); and 5) the murder was committed in a cold, calculated, and premeditated manner (CCP).
[2] Willacy proposed thirty-seven separate mitigating factors. Most of the proposed factors, however, were cumulative to others and were of a general nature (e.g., "1. During his lifetime, the defendant has exhibited kindness for others. 2. During his lifetime, the defendant has exhibited compassion for others. 3. During his lifetime, the defendant has exhibited concern for others."). The court rejected six factors outright, and gave the others little weight.
[3] Willacy claims the following points as error: 1) The denial of Willacy's motion for recusal of the judge; 2) the admission of inflammatory evidence; 3) the finding of HAC; 4) the finding that the murder was committed to evade arrest; 5) the finding of pecuniary gain; 6) the finding of CCP; 7) the death sentence is disproportionate; 8) the admission of victim impact evidence; 9) the refusal to strike jurors for cause; 10) cumulative error; and 11) the death penalty statute is unconstitutional.
[4] See Fla.R.Jud.Admin. 2.160(e) ("A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion....").
[5] We also note that the grounds for the motion were speculative and without factual basis, and thus legally insufficient. See, e.g., Jackson v. State, 599 So.2d 103 (Fla.1992).
[6] See, e.g., Brown v. Wainwright, 392 So.2d 1327, 1331 (Fla.1981) ("Neither of our sentence review functions, it will be noted, involves weighing or reevaluating the evidence adduced to establish aggravating and mitigating circumstances."). To the extent that language in any of our cases indicates otherwise, we recede from that language.
[7] See generally Bonifay v. State, 680 So.2d 413, 417 (Fla.1996) ("Our review of the record reveals competent, substantial evidence to support the trial court's findings regarding the aggravators and mitigators."); Orme v. State, 677 So.2d 258, 262 (Fla.1996), cert. denied, ___ U.S. ___, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997) ("Our duty on appeal is to review the record in the light most favorable to the prevailing theory and to sustain that theory if it is supported by competent, substantial evidence."); Occhicone v. State, 570 So.2d 902, 905 (Fla.1990) ("When there is a legal basis to support finding an aggravating factor, we will not substitute our judgment for that of the trial court...."); Brown, 392 So.2d at 1331 ("Our sole concern on evidentiary matters is to determine whether there was sufficient competent evidence in the record from which the judge and jury could properly find the presence of appropriate aggravating or mitigating circumstances.").
[8] Although the medical examiner could not affix unconsciousness at any particular point, Sather was alive when strangled and when set on fire.
[9] The court gave a proper limiting instruction to the jury. Further, the court stated in its sentencing order: "The defendant's actions raise his conduct to a level setting this case apart from the norm of capital felonies. It was conscienceless, pitiless and unnecessarily tortuous to the victim and well within the definition of `heinous, atrocious and cruel.'" See, e.g., State v. Dixon, 283 So.2d 1, 9 (Fla.1973).
[10] The court stated in its sentencing order: "The dominant motive for this murder was the elimination of Marlys Sather as a witness and to avoid detection and arrest." See, e.g., Preston v. State, 607 So.2d 404, 409 (Fla.1992).
[11] The court gave a proper limiting instruction. Further, the court stated in its sentencing order: "[T]he various and numerous activities devoted to [the accomplishment of this murder] show a level of heightened premeditation...." See, e.g., Swafford v. State, 533 So.2d 270, 277 (Fla.1988).
[12] Cf. Foster v. State, 654 So.2d 112, 115 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995) ("[T]here is competent, substantial evidence in the record to support the trial court's finding [of CCP].").
[13] Claims 8-11 are without merit.