PER CURIAM.
The State appeals from the downward departure sentence imposed on Donald J. Banks for the offense of aggravated battery. We agree with the State that the reason for departure is not supported by sufficient record evidence and reverse.
This ease involves an altercation which arose when Banks became angered by the victim, Mark Gutillo, driving at an excessive speed in their neighborhood. Banks pursued Gutillo to his driveway and punched Gutillo several times in the face. Gutillo suffered serious and permanent injuries to one eye.
After an off-the-record bench conference between Banks’ attorney, the prosecutor, and the court, Banks tendered a plea of no contest to the charge based on a representation that he would receive probation. The guidelines scoresheet reflects sixty-eight state prison months, with a minimum of fifty-one months and a maximum of eighty-five months. The State-objected on the record to a downward departure. The court accepted Banks’ plea, withheld adjudication, and sentenced Banks to four years’ probation with special conditions that Banks complete anger management counseling and make restitution to the .victim in an amount to be determined later. The reason given for departure was “[t]he need for payment of restitution to the victim outweighs the need for a prison sentence.” [1] At a subsequent restitution hearing, the trial court ordered Banks to make restitution of $6,902.32 to the victim and $35 to the Crimes Compensation Fund.
At sentencing, the victim described his injuries and objected to Banks receiving probation. Although the victim’s age does not appear in the record, he was accompanied by his parents, who each expressed their objections to the sentence. The mother stated, “I feel- it’s a very lenient punishment for what he did to my son. I would forgo the restitution and pay the money myself back to the State.” Although the victim made no reference to restitution, it is clear that his interest centered on Banks going to prison.
Thus, at issue is the trial court’s authority to rely on the “need for restitution” departure reason in the face of objection by the State and the victim. Both section 921.0016(4)(e), Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.991(b) authorize the need for restitution as a downward departure reason. A downward departure, however, must be based upon circumstances or factors which reasonably justify mitigation of the sentences; such circumstances or factors supporting a departure sentence must be established by a preponderance of the evidence. See § 921.001(6), Fla. Stat. (1995).
In view of the opposition by the victim and the prosecutor to the departure, we conclude that no factors, shown by a preponderance of the evidence, reasonably justify a finding here that the need for restitution outweighs the need for a prison sentence. We also note that, even though a restitution order was entered, the trial court made no finding of Banks’ ability to pay restitution, as we held to be necessary in State v. Baker, No. 96-05191 (Fla. 2d DCA June 5,1998).
Accordingly, we reverse Banks’ sentence and remand for resentencing within the guidelines. Since Banks’ sentence was the result of a plea agreement between Banks and the trial court, Banks must be given the opportunity to withdraw this plea on remand. See State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996). As we did in Baker, we certify the following question as being of great public importance:
WHAT FACTORS MUST BE PROVEN BY A PREPONDERANCE OF THE EVIDENCE TO ESTABLISH THAT THE *1167 NEED FOR PAYMENT OF RESTITUTION OUTWEIGHS THE NEED FOR A PRISON SENTENCE TO JUSTIFY A DOWNWARD DEPARTURE SENTENCE?
QUINCE and WHATLEY, JJ., concur.
PATTERSON, A.C.J., concurs specially.

. There was some discussion on the record that the court might also rely on the victim having provoked the incident, but this reason was not formally adopted.