732 So.2d 1065 (1999)
Donald B. BANKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 93,469.
Supreme Court of Florida.
April 15, 1999.
Rehearing Denied June 2, 1999.
*1066 Frank Louderback of Louderback and Helinger, St. Petersburg, Florida, for Petitioner.
Robert Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, and Erica M. Raffel, Assistant Attorney General, Tampa, Florida, for Respondent.
SHAW, J.
We have for review State v. Banks, 712 So.2d 1165 (Fla. 2d DCA 1998), wherein the district court certified:
What factors must be proven by a preponderance of the evidence to establish that the need for payment of restitution outweighs the need for a prison sentence to justify a downward departure sentence?
Id. at 1166-67. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer as explained below and quash Banks.
The defendant, Donald Banks, on November 9, 1996, was working in the yard outside his house when a young neighbor, Mark Kotila, sped by in an automobile. The following then allegedly transpired:
Mr. Banks yelled, "Slow down." The victim then extended his middle finger and yelled, "F___ you," at which time Mr. Banks proceeded down to the victim's house [two houses down the street] where there was a further altercation resulting in these injuries to Mr. Kotila.
As a result of the altercation, Kotila sustained a permanent injuryi.e., an eye socket was damaged and repaired with a metal plate. Banks was charged with aggravated assault and entered a plea of no contest based on the understanding that he would receive probation.
At sentencing, the victim and his family objected to probation. They said that they would prefer that Banks be sent to prison even if this meant that Kotila would receive no restitution. The court accepted Banks' plea, withheld adjudication, and sentenced him to four years' probation with the condition that he complete anger management school and make restitution to the victim. This sentence was a down-ward *1067 departure from the median recommended guidelines sentence of sixty-eight months' imprisonment.[1] The court explained: "The need for payment of restitution to the victim outweighs the need for a prison sentence." The State appealed the downward departure sentence, and the district court reversed:
In view of the opposition by the victim and the prosecutor to the departure, we conclude that no factors, shown by a preponderance of the evidence, reasonably justify a finding here that the need for restitution outweighs the need for a prison sentence. We also note that, even though a restitution order was entered, the trial court made no finding of Banks' ability to pay restitution, as we held to be necessary in State v. Baker, No. 96-05191 [713 So.2d 1027] (Fla. 2d DCA June 5, 1998).
Banks, 712 So.2d at 1166. The court certified the above question. Banks contends that the downward departure sentence was proper. We agree.
A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute,[2] and facts supporting the ground must be proved at trial by "a preponderance of the evidence."[3] This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.[4] Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.[5]
*1068 Second, where the step 1 requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.[6] In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors.[7] This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion.[8] Discretion is abused only where no reasonable person would agree with the trial court's decision.[9]
Section 921.0016, Florida Statutes (1995), addresses departure sentences and expressly states that the need for restitution may be a valid ground for departure:
(2) A departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure. Aggravating and mitigating factors to be considered include, but are not limited to, those listed in subsections (3) and (4). The failure of a trial court to impose a sentence within the sentencing guidelines is subject to appellate review under chapter 924, but the extent of departure from a guidelines sentence in not subject to appellate review.
. . . .
(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
. . . .
(e) The need for payment of restitution to the victim outweighs the need for a prison sentence.
§ 921.0016, Fla. Stat. (1995). In short, a court may depart downward if in the opinion of the trial judge the need for restitution outweighs the need for imprisonment.
We conclude that in weighing the need for restitution versus the need for imprisonment a court must take into consideration *1069 all the relevant factors, including on the one hand both the nature of the victim's loss and the efficacy of restitution, and on the other hand the consequences of imprisonment. While the victim's wishes concerning restitution are relevant, they are not dispositiveit is the judge, not the victim, who must weigh society's competing needs.
In the present case, the trial court applied the right rule of lawas noted above, the need for restitution is a valid ground for departure. See § 921.0016(4)(e), Fla. Stat. (1995). Further, the court's ruling is supported by competent substantial evidence in the record. The court explained its decision to the Kotila family at the sentencing proceeding:
Mr. Banks has no prior record of anything like this. I find thatlet me put it this way, that prison does very little for anyone. I think that if he can get some counselingobviously, he's got an anger management problem on his hands and has to at least compensate the fund and/or you yourselves for what he has done.
Quite frankly, probation is not a very pleasant thing either, that maybe we can make sure that this doesn't ever happen to anyone again. I don't believe that sending him to prison will ensure that, and that isI wanted to give you the benefit of my thinking.
I know that you probably do not agree with me, and that's okay. I want to make sure that at least your son's medical bills are taken care of for now and whatever might occur inmight still be future medicals for him.
I'm looking towards that goal, and there is not anything I can do here that can make him totally whole again, but I'm going to try and do my best.
I want to thank you for being here, and I do understand your feelings, believe me. Unfortunately, my job here sometimes isn't as easy as it seems, and I have to call them the way I see them, and everyone's entitled to disagree with anything I do each day.
I'm sorry that this happened to you son, and I'm very sorry for what I hear thatwhat you say is that you will bear some [] marks of this for the rest of your life, and that makes me sad.
Hopefully, we can put this case behind you, make sure that we make you as whole as possible, and I can only wish you better things. Okay.
The trial court subsequently addressed Banks' plea and made the following finding: "At this time the Court will accept your plea, recognizing the departure sentence, finding that there is a need for restitution because the medicals and future medicals of the victim in this case may be extremely great." The court concluded in its written order: "The need for payment of restitution of the victim outweighs the need for a prison sentence." The record is replete with evidence supporting this ruling. Numerous witnesses, including Mark Kotila himself, attested to the serious nature of the injury and the need for significant and ongoing medical treatment. This testimony is unrebutted.
The district court discounted this evidence in light of the wishes of the victim and the prosecutor: "In view of the opposition by the victim and the prosecutor to the departure, we conclude that no factors, shown by a preponderance of the evidence, reasonably justify a finding here that the need for restitution outweighs the need for a prison sentence." Banks, 712 So.2d at 1166. The court added: "[T]he trial court made no finding of Banks' ability to pay restitution, as we [have] held to be necessary...." Id. This was error. First, as explained above, while a victim's (or a prosecutor's) wishes are relevant, they are simply one factor to be considered by the trial court. Second, a defendant's ability to pay restitution is a nonissue when the court is weighing the need for restitution versus the need for imprisonment. Section *1070 775.089(6), Florida Statutes (1995), provides that ability to pay shall be considered at the time of enforcement of a restitution ordernot at the time when the court is weighing the respective needs.[10]
Based on the foregoing, we conclude that in departing downward the trial court applied the right rule of law and competent substantial evidence supports its decision. Further, we find no abuse of discretion. We answer the certified question as explained herein and quash Banks. We remand for reinstatement of the downward departure sentence imposed by the trial court.
It is so ordered.
HARDING, C.J., WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON, Senior Justice, concur.
NOTES
[1] The recommended range was between fifty-one months and eighty-five months.
[2] Section 921.0016, Florida Statutes (1995), sets forth a nonexclusive list of grounds for departure, i.e., aggravating and mitigating factors. Aggravating factors include: the crime was especially heinous, atrocious, or cruel; the defendant was a ring-leader; the victim was especially vulnerable due to age or disability; the crime was bias-motivated; the victim suffered excessively; the crime was committed to avoid arrest; the defendant is not amenable to rehabilitation. Mitigating factors include: the defendant played a minor role in the crime; the defendant was substantially impaired; the defendant requires specialized treatment; the need for restitution outweighs the need for imprisonment; the victim provoked the defendant; the defendant was under extreme duress; the victim was compensated by the defendant; the defendant cooperated with authorities; the offense was an isolated incident; the defendant was too young to understand the consequences of the offense.
[3] Section 921.001, Florida Statutes (1995), addresses departure sentences and provides that the level of proof necessary to support a departure is "a preponderance of the evidence":

(6) A court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with s. 921.0016. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure. Any sentence imposed outside the range recommended by the guidelines must be explained in writing by the trial court judge.
§ 921.001, Fla. Stat. (1995). We note that this "preponderance of the evidence." standard is a standard of proof for the trial court to apply, not a standard of review for the appellate court to impose.
[4] Cf. Willacy v. State, 696 So.2d 693 (Fla.), cert. denied, ___ U.S. ___, 118 S.Ct. 419, 139 L.Ed.2d 321 (1997) (applying the same standard of review to the trial court's finding concerning aggravating circumstances in capital cases).
[5] This Court in Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), explained:

The weight and the sufficiency of evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. Sufficient evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded." In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. Weight, at least in theory, is a somewhat more subjective concept. The "weight of the evidence" is the "balance or preponderance of evidence." It is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.
As a general proposition, an appellate court should not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the [ruling] on appeal, there is substantial, competent evidence to support the [ruling]. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.
Id. at 1123 (citations and footnotes omitted). See also Terry v. State, 668 So.2d 954, 964 (Fla.1996) ("[A] defendant's claim of insufficiency of the evidence cannot prevail where there is substantial competent evidence to support the verdict and judgment.").
[6] See generally § 921.0016(2), Fla. Stat. (1995) ("A departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure.").
[7] See generally § 921.0016(3), (4), Fla. Stat. (1995) (setting forth a non-exclusive list of aggravating and mitigating factors to be weighed by the trial court). See supra note 2.
[8] See generally Lerma v. State, 497 So.2d 736, 738 (Fla.1986), receded from on other grounds State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987); State v. Mischler, 488 So.2d 523, 525 (Fla.1986), superseded on other grounds by ch. 87-110, § 2, Laws of Fla. and superseded in part on other grounds by ch. 93-406 § 13, Laws of Fla.; Albritton v. State, 476 So.2d 158, 160 (Fla.1985), superseded on other grounds by ch. 87-110, § 2, Laws of Fla.
[9] See Huff v. State, 569 So.2d 1247, 1249 (Fla.1990) ("[D]iscretion is abused only where no reasonable man [or woman] would take the view adopted by the trial court.").
[10] Section 775.089, Florida Statutes (1997), provides in relevant part:

(6)(a) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense.
(b) The criminal court, at the time of enforcement of the restitution order, shall consider the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his or her dependents, and such other factors which it deems appropriate.
§ 775.089(6), Fla. Stat. (1997) (emphasis added).