ALTENBERND, Acting Chief Judge.
• Martin T. Himes appeals his conviction for attempted battery on a law enforcement officer and his concurrent upward departure sentences for attempted aggravated battery on a law enforcement officer and aggravated fleeing or attempting to elude.[1] We reverse the challenged conviction and impose an appropriate lesser-included offense. We approve two of the three grounds for the departure sentences. On remand, Mr. Himes must be resen-tenced under the 1994 guidelines, but the trial court is permitted to impose a departure sentence.
Mr. Himes argues correctly that attempted battery on a law enforcement officer is a nonexistent felony. See Merritt v. State, 712 So.2d 384 (Fla.1998). Accordingly, we reverse that conviction and remand to the trial court with directions to enter a judgment for attempted aggravated battery, as proscribed by section 784.045(l)(a), Florida Statutes (1995), without felony reclassification based upon section 784.07(2)(b), Florida Statutes (1995). See Merritt, 712 So.2d at 385 (remanding with directions to resentence for same crime without law enforcement officer enhancement); Ellis v. State, 714 So.2d 1160, 1162 (Fla. 2d DCA 1998) (reducing conviction to permissive lesser-included offense) (citing I.T. v. State, 694 So.2d 720 (Fla.1997) (interpreting § 924.34, Fla. Stat. (1995))).
Mr. Himes also disputes the trial court’s decision to impose a departure sentence. The trial court stated three reasons for imposing upward departure sentences: (1) “[t]he defendant was in the past involved in other conduct similar to that involved in the current offense”; (2) “[ojffense created substantial risk of death or great bodily harm to many persons or to one or more children”; and (3) “[o]f-fense committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.” The State concedes that the first departure reason was invalid in this case.
The record contains evidence sufficient to support the second departure reason, that the offense created substantial risk of death or great bodily harm to others. See § 921.001, Fla. Stat. (1995) (setting forth preponderance of evidence standard to establish facts supporting upward departure); Banks v. State, 732 So.2d 1065,1067 n. 3 (Fla.1999). The transcript of Mr. Himes’s post-Miranda statement shows he admitted he dragged a police officer some distance with his car, fled in the car at a high rate of speed, and cut in and out of traffic at high speeds while law enforcement vehicles chased him.
Mr. Himes argues that the third departure reason, that he committed the offense of aggravated fleeing to elude in order to avoid arrest, is legally invalid because avoiding arrest is a component of the crime of aggravated fleeing to elude. We disagree. Although State v. Mischler, 488 So.2d 523 (Fla.1986), held that an inherent component of a crime cannot justify a departure sentence for that crime, the 1994 sentencing guidelines modified that rule to give the trial court discretion to depart upward, even where the reason is an element of the offense, if the guidelines expressly permit such a departure. See *383 Capers v. State, 678 So.2d 330, 332-33 (Fla.1996). See also Rendon v. State, 690 So.2d 645, 647 (Fla. 4th DCA 1997). In this case, section 921.0016(3)(o), Florida Statutes (1995), expressly permits departure in a circumstance under which “[t]he offense was committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the offense, or to effect an escape from custody.” Accordingly, this is a valid legal ground for departure.
We recognize that section 921.0016(3)(o) might arguably permit a departure sentence in every case in which a defendant is convicted of aggravated fleeing. We observe, however, that a trial court’s decision to depart from the guidelines is a two-step process. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). First, the trial court must determine whether it can depart by determining as a mixed question of law and fact whether there is a valid legal ground supported by an adequate factual basis. Id. If so, the second step is the discretionary decision whether departure is the best sentencing option considering the totality of the circumstances, including mitigating and aggravating circumstances. Id. We trust that trial courts will exercise discretion in a manner that does not result in an automatic departure sentence for the offense of aggravated fleeing. In this case, in light of the totality of the circumstances, the trial court did not abuse its discretion.
Thus, two of the three reasons the trial court gave for imposing upward departure sentences were valid. ‘When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.” Banks, 732 So.2d at 1067; see also Blackwelder v. State, 570 So.2d 1027, 1029 (Fla. 2d DCA 1990). On remand, the trial court here may again impose a departure sentence, subject only to the constraints of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
On remand, the trial court should resen-tence Mr. Himes on both the attempted aggravated battery conviction and the aggravating fleeing conviction using the 1994 sentencing guidelines because his offense date of March 27, 1997, falls within the “window period” in which the 1995 sentencing guidelines do not apply. See Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924, 928 (Fla.2000).
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
WHATLEY and NORTHCUTT, JJ„ Concur.

. He does not challenge his convictions or sentences for reckless driving and driving with a suspended license.