775 So.2d 992 (2000)
The STATE of Florida, Appellant,
v.
Mikeal KASTEN, Appellee.
No. 3D00-1680.
District Court of Appeal of Florida, Third District.
December 6, 2000.
Rehearing Denied February 14, 2001.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellant.
Cunningham, Miller, Heffernan & Wolfe and James F. Nolan and Richard A. Malafy, for appellee.
Before COPE and SHEVIN, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Defendant Mikeal Kasten pled guilty to two counts of sexual battery, two counts of lewd and lascivious acts on a child under the age of sixteen, and solicitation of a sex act by a person of familial authority. The victim was Kasten's daughter. Kasten sought a downward departure of his sentence, in support of which, the victim came into court and pleaded to the trial judge that he not send her father to prison. The judge stated that but for the victim's plea he would not consider mitigation. However he also stated that he was so moved by *993 her heartfelt request and her statement that she could not heal if her father was in prison, that he was ordering a mitigated sentence in light of the victim's need for therapy, which Kasten could pay for, if he were not incarcerated. The state appeals the suspended sentence and extended probation thereafter ordered. We vacate the sentence ordered and remand for re-sentencing.
The imposition of a downward departure sentence is a two-part process. First, the trial court must determine "whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). Second, the trial court must decide "whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant." Id. at 1068. While a victim's wishes are "relevant" they are not to be determinative and "it is the judge, not the victim, who must weigh society's competing needs." Id. at 1069. See State v. McLaren, 763 So.2d 1171 (Fla. 4th DCA 2000).
A need for restitution is a valid basis for a downward departure. See § 921.0016 Fla. Stat. (1999); see also Banks, 732 So.2d at 1068-69 (concluding that in weighing the need for restitution versus the need for imprisonment a court must take into consideration all the relevant factors, including on the one hand both the nature of the victim's loss and the efficacy of restitution, and on the other hand the consequences of imprisonment). However the decision to mitigate must be supported by record evidence. Here, as the state maintains, there was no record testimony as to the cost of future counseling and at the time of hearing, the victim was receiving counseling at her school at no cost to her. Thus, there was no record support for the need for restitution, and this was the only reason given for the downward departure sentence ordered.
Accordingly, the sentence at issue is vacated and the cause remanded for re-sentencing within the guidelines.