780 So.2d 1004 (2001)
STATE of Florida, Appellant,
v.
Shannon COLEMAN, Appellee.
No. 4D00-234.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, *1005 Assistant Attorney General, West Palm Beach, for appellant.
Jack Edward Orsley of Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellee.
PER CURIAM.
The state appeals from Shannon Coleman's downward departure sentence, contending the three reasons cited for departure were not supported by the evidence. Coleman's sentencing guidelines required a sentence range from approximately twenty-one years to life imprisonment. Upon open plea, however, the trial court downward departed for three reasons: (1) Coleman required specialized medical and psychiatric treatment for a mental disorder, pedophilia, and is amenable to that treatment, (2) he cooperated with the police and the state to resolve this case from its inception, and (3) the need to make restitution to the victims outweighed the need for incarceration. We hold that there was competent substantial evidence to support a downward departure for the first reason and, thus, affirm.
As the Florida Supreme Court has recently explained, the imposition of a downward departure sentence is a two-part process. First, the trial court "must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)(emphasis in original). This decision will be affirmed on appeal if the reason cited is a valid one and if there is competent substantial evidence to support that reason. Id. Second, the trial court "must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant." Id. at 1068 (emphasis in original). With respect to this step, the trial court is afforded considerable discretion and the trial judge's call will not be overturned unless no reasonable person would agree with the trial court's decision. Id.
The trial court's first reason for departure was that Coleman required specialized medical and psychiatric treatment for a mental disorder and is amenable to that treatment. See § 921.0016(4)(d), Fla. Stat. (1997). To justify a downward departure from sentencing guidelines based on this reason, a court must receive competent substantial evidence the defendant exhibits the potential to be rehabilitated. State v. Skidmore, 755 So.2d 647, 648 (Fla. 4th DCA 1999). Here, Coleman's treating psychiatrist, who runs a sexual offender clinic and has treated many pedophiles, testified that Coleman was amenable to treatment with several safeguards and was a good risk on the treatment program. The psychiatrist further testified that by following this treatment regimen, along with chemical castration of the patient, the rate of recidivism was, in his opinion, only 2.9%. In view of his testimony, even though it conflicted with expert testimony offered by the state, we hold there was competent substantial evidence to support a departure under section 921.0016(4)(d). Moreover, although another judge might not have made the same decision as the trial court, we cannot say that no reasonable person would agree with its decision.
We do note, however, that the other two reasons given by the court did not justify a departure. See §§ 921.0016(4)(i),(e), Fla. Stat. The record shows that Coleman did not cooperate with the police until after he was arrested and only after being confronted with incriminating evidence. See State v. Bleckinger, 746 So.2d 553, 555 (Fla. 5th DCA 1999). Further, there was no record testimony as to the total costs of future counseling for both victims and, although not dispositive, the victims did not request restitution or express any particular need for restitution. See State v. Schillaci, 767 So.2d 598, 600 (Fla. 4th DCA 2000). Nevertheless, because a downward departure sentence will be upheld if one cited factor supports a departure, regardless of whether any other remaining factors justify a departure, *1006 we affirm. See State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996).
AFFIRMED.
POLEN, KLEIN, and SHAHOOD, JJ., concur.