866 So.2d 179 (2004)
STATE of Florida, Appellant,
v.
Edwin MANN, Appellee.
No. 5D02-3814.
District Court of Appeal of Florida, Fifth District.
February 20, 2004.
*180 Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
Marc L. Lubet of Marc L. Lubet, P.A., Orlando, for Appellee.
SAWAYA, C.J.
The State appeals the imposition of a downward departure sentence following the guilty plea entered by Edwin Mann to *181 three counts of lewd or lascivious battery and one count of lewd or lascivious molestation. The guidelines scoresheet in the instant case required a minimum sentence of 26 years' incarceration in the Department of Corrections. Mann was sentenced to two years of community control concurrently on each count followed by 25 years of probation. The issue we must resolve is whether the reasons set forth by the trial court as the basis for the downward departure are legally valid and supported by competent, substantial evidence. Because it is not necessary for us to give further details of the crimes Mann committed against the fourteen-year-old victim in order to resolve this issue, we will proceed to analyze the record in the instant case and the law regarding departure sentences.
The Florida Legislature has enacted a rather elaborate body of sentencing laws that establish guidelines for the imposition of sentences in criminal cases involving felony offenses. Under this statutory scheme, the trial court must at least impose the minimum sentence required under the guidelines unless a valid basis for a departure sentence is established. § 921.00265(1), Fla. Stat. (2002). In order to determine whether a departure sentence below the minimum sentence required under the guidelines is appropriate, the trial court must follow a two-step process. Banks v. State, 732 So.2d 1065 (Fla. 1999). First, the trial court must determine whether there is a valid legal basis for the departure sentence that is supported by facts proven by a preponderance of the evidence. Banks; § 921.001(4)(a)6., Fla. Stat. (2002) ("The level of proof necessary to establish facts that support a departure from the sentencing guidelines is a preponderance of the evidence."). The burden of proof lies with the defendant. See State v. Silver, 723 So.2d 381 (Fla. 4th DCA 1998). This step involves mixed questions of law and fact. Banks. Therefore, in reviewing this determination, an appellate court must decide whether the trial court applied the correct rule of law, and whether competent substantial evidence supports the basis for the departure. Id. Because competent substantial evidence equates to legally sufficient evidence, the appellate court will assess the evidence to determine its sufficiency, not its weight. Id.
If the requirements of step one are met, the second step in the analysis requires the trial court to determine whether a departure sentence is the best sentencing option for the defendant by weighing the totality of the circumstances in the case, including the aggravating and mitigating factors. Id. This part of the process is reviewed pursuant to the abuse of discretion standard of review, which requires the appellate court to sustain the trial court's determination unless no reasonable person would agree with the trial court's decision. Id.
The basis for the departure sentence should be articulated by the trial court in writing. See §§ 921.001(4)(a)6.,.00265(2), Fla. Stat. (2002). However, if the trial court fails to do so, a downward departure sentence may be affirmed if the trial court orally pronounces on the record a valid basis for the sentence. Pease v. State, 712 So.2d 374 (Fla.1997); see also Fla. R.Crim. P. 3.704(d)(27)(A). Here, the trial court did not render written findings regarding his reasons for the departure sentence, so we must examine the sentencing transcripts to determine whether the trial court orally announced a valid basis for the sentence.
Section 921.0026(2)(a)-(l), Florida Statutes, is a list of mitigating circumstances that justify a departure from the sentencing guidelines. Because this list is *182 nonexclusive, case-law may also provide valid grounds for a departure sentence. Banks. Of the statutory mitigators, our review of the record shows, and Mann argues in these proceedings, that the trial court relied on two. The first basis is that, pursuant to section 921.0026(2)(d), Mann requires specialized treatment for a mental disorder for which he is amenable to treatment. The second basis is that, pursuant to section 921.0026(2)(j), Mann committed the offenses in an unsophisticated manner and these were isolated offenses for which he has shown remorse.[1]
In order to establish that he required specialized treatment for a mental disorder, Mann called Dr. Grecco, who testified that Mann suffered from dysthymia, a depressive disorder, and suffered with post-traumatic stress disorder with delayed onset, a condition described as occurring when a person has undergone a traumatic event at some point in life, repressed the event, then had the emotion triggered by some new event. Mann had been sexually abused as a child and, according to Grecco, working as a sex crimes investigator and reviewing thousands of hours of child pornography several months before the offenses in the instant case reactivated the trauma, confusion, and shame Mann felt about his own abuse. Dr. Grecco further opined that although Mann tried to deal with his feelings, he was emotionally fragile. Mann's acquaintanceship with the victim developed into an emotional relationship after the girl repeatedly sought him out for advice. Mann reported that at the time, he viewed himself and the girl as equals while "in the full flush of feeling in love...." Dr. Grecco did admit that "at some level," Mann knew that what he was doing was wrong at the time. Mann argues that this testimony established that he suffers from a mental disorder that requires specialized treatment.
Mindful as we are of the standard of review that prohibits us from weighing the credibility of this doctor's testimony, we simply quote the trial judge, who said that "[m]ost of what the first psychologist [Dr. Grecco] said was dumb and I disregard it." We also note the State's strong reservations whether this doctor's testimony even established a mental disorder. But beyond establishing a mental disorder, Mann was required to establish that he suffers from a mental disorder that requires specialized treatment. This court and others have held that in order to establish the need for specialized treatment, it must be established that the mental disorder requires treatment that is not available in the Department of Corrections. See State v. Porche, 826 So.2d 1062 (Fla. 2d DCA 2002); State v. Tyrrell, 807 So.2d 122 (Fla. 5th DCA 2002); State v. White, 755 So.2d 830 (Fla. 5th DCA 2000); State v. Thompson, 754 So.2d 126 (Fla. 5th DCA 2000); State v. Stewart, 749 So.2d 555 (Fla. 2d DCA 2000); State v. Abrams, 706 So.2d 903 (Fla. 2d DCA 1998). Assuming that Mann does suffer from a mental disorder, there has been no showing that he requires specialized treatment that is not available in the Department of Corrections.
We now turn our attention to the second statutory mitigator relied on as a basis for the downward departure sentence. Pursuant to section 921.0026(2)(j), the trial court may consider as a basis for *183 a departure sentence the fact that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse. "To support a departure based on this reason, all three elements must be shown: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse." State v. Falocco, 730 So.2d 765, 765 (Fla. 5th DCA 1999) (citations omitted); see also Staffney v. State, 826 So.2d 509 (Fla. 4th DCA 2002). The State specifically argues that even if Mann was genuinely remorseful, there was no evidence that he committed the offenses in an unsophisticated manner or that they were an isolated incident.
We conclude that this basis for departure is not supported by the evidence. While the record indicates that Mann may have been remorseful, there is no evidence that he committed the offenses in an unsophisticated manner. He was, as the State points out, a sex crimes investigator employed by the Orlando Police Department and he was thirty-nine years old when he became involved with the fourteen-year-old victim. See State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999) ("Although the inference to be drawn from the defendant's lack of prior record is that this was an isolated incident, Mr. Bernard was 24 years of age at the time he committed the crime and it might be difficult, if not impossible, to prove that he had sexual intercourse with this child in an unsophisticated manner."). Furthermore, although there is no evidence that Mann had ever committed such offenses with any other child, the information charged him with committing the instant offenses on various dates. For example, Mann was charged with, and pleaded guilty to, having intercourse with the victim on October 19, 2000, and the remaining acts were committed between August 1, 2000, and April 3, 2001. Not only is there no factual support for Mann's conclusion that his crimes were the result of an isolated incident, based on the record before us, to argue this as a basis for a departure sentence defies logic and common sense.
We note that the record contains innumerable citations and awards presented to Mann for outstanding performance in his job and for assisting his community, and letters from citizens whose lives he touched in a positive manner. The binder containing these accolades is more than two inches thick and this evidence certainly has not escaped our attention. Perhaps, as he so persuasively argued to the trial court, Mann once may have been a pillar of his community. But much like other structures, pillars are subject to erosion and some eventually crumble. Here, the eroding force was Mann's own self-indulgent sexual desire for a fourteen-year-old child with whom he may have actually thought he was in love. As is well-established in this record, Mann is an individual who knew better and realized that what he was doing was very wrong.
The trial court obviously felt justified in imposing a sentence more lenient than allowed under the sentencing guidelines. But judicial leniency, if that is what we call reliance on mitigating factors to reduce a guidelines sentence, only functions within prescribed parameters of the sentencing law and the rules adopted to implement them. These laws and rules clearly provide that downward departure from the sentencing guidelines is prohibited "unless there are circumstances or factors that reasonably justify the downward departure." Fla. R.Crim. P. 3.704(d)(27). As virtuous as Mann once may have been, we are inexorably drawn to the conclusion that he failed to present sufficient evidence to adequately prove the existence of circumstances or factors that would allow him *184 a departure sentence. Accordingly, we reverse Mann's sentence and remand this case to the trial court for resentencing. See State v. Teal, 831 So.2d 1254 (Fla. 2d DCA 2002).
REVERSED AND REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Although Mann attempts to argue nonstatutory factors in support of his sentence, our review of the record clearly shows that they are not legal grounds for a departure sentence supported by substantial competent evidence. Hence, we will confine our analysis to the two statutory mitigators identified in the record and argued by Mann in support of his sentence.