WOLF, J.
 

 The State appeals a downward departure sentence. Appellee was charged with possession of a firearm by a convicted felon and possession of marijuana. Appel-lee pled no contest to possession of marijuana and a bench trial was conducted as to the possession of a firearm charge. During the trial, an officer testified he responded to a nightclub at 2:00 a.m. in reference to a disturbance involving a patron armed with a weapon. He testified nightclub security guards directed him to appellee’s car, in which he was sitting with a large handgun on the floorboard between his legs and marijuana in his possession. Another officer testified appellee said the gun was his. Appellee testified he did not know the gun was in the car; however, he stated he was in fear for his safety because on two occasions during the two days prior to his arrest, a man with a gun threatened him and his family. When asked if he was afraid the man who threatened him would be at the club, appellee responded he had never been to that club before. The trial court found appellee guilty and imposed a downward departure sentence, finding his “perception of danger was real and reasonable.”
 

 A trial court may not impose a sentence that departs from the statutory guidelines “unless there are mitigating circumstances or factors present as provided in s. 921.0026.” § 921.00265, Fla. Stat. (2006). Section 921.0026, Florida Statutes (2006), provides a non-exclusive list of mitigating circumstances that reasonably justify departure.
 

 In
 
 Banks v. State,
 
 732 So.2d 1065, 1067-68 (Fla.1999), the supreme court outlined
 
 *39
 
 the two-step process for imposing a departure sentence. “First, the [trial] the court must determine whether it
 
 can
 
 depart, i.e., whether there is a valid legal ground,” explaining “[l]egal grounds are set forth in case law and statute.”
 
 Id.
 
 at 1067. (emphasis in original). “Second ... the trial court further must determine whether it
 
 shoidd
 
 depart ... weighing] the totality of the circumstances in the case, including aggravating and mitigating factors.”
 
 Id.
 
 at 1068 (emphasis in original). This determination is reviewed for abuse of discretion, which is abused “only where no reasonable person would agree with the trial court’s decision.”
 
 Id.
 

 Here, it is unnecessary for this court to determine whether the trial court’s reason for departure was legally valid, meeting step 1 of the
 
 Banks
 
 test. The trial court’s reason for departure fails step 2 of the
 
 Banks
 
 test as it was clearly an abuse of discretion.
 

 Weighing the totality of the circumstances, the trial court’s decision to impose a downward departure sentence for possession of a firearm by a convicted felon was not reasonable. The evidence established appellee was arrested after a disturbance involving a firearm at a nightclub. He was identified as the person in possession of the firearm. The arrest occurred in the parking lot of a nightclub at 2:00 a.m. Appellee was in possession of marijuana. There was no indication appellee reasonably believed that danger was immediate or imminent.
 
 [1]
 

 Therefore, we reverse and remand for resentencing within the guidelines.
 
 See Pope v. State,
 
 561 So.2d 554, 556 (Fla.1990)
 
 (citing Shull v. Dugger,
 
 515 So.2d 748 (Fla.1987)) (finding resentencing must be within the guidelines “when the initial reasons [for departure] had been reversed by an appellate court”);
 
 State v. Owens,
 
 848 So.2d 1199 (Fla. 1st DCA 2003) (reversing and remanding for resentencing within the guidelines where the trial court’s reason for departure was invalid).
 

 HAWKES, C.J, and WETHERELL, J., concur.
 

 [1]
 

 . While we do not necessarily say that for a departure sentence to be upheld on the basis of fear, the circumstances must rise to the level which would support the legal defense of necessity, here the circumstances do not support a reasonable basis for a convicted felon to have a gun.
 
 See State v. Steadman,
 
 827 So.2d 1022, 1025 (Fla. 3d DCA 2002) (affirming downward departure sentence based on police conduct which did not rise to the level of entrapment, finding " ‘the trial court can mitigate a sentence based on conduct that is not sufficient to excuse the crime.’ ") (quoting
 
 Hines v. State,
 
 817 So.2d 964, 965 (Fla. 2d DCA 2002)).