CASANUEVA, Chief Judge.
 

 The State charged Angela Carmen Brown with several offenses related to a multi-car collision. Among them was driving under the influence with damage to the property of another, specifically, a 1997 Chevy truck that Ms. Brown was driving. But the State did not produce any evidence of the truck’s ownership. Ms. Brown moved for a judgment of acquittal
 
 *780
 
 on this basis, which was denied. The jury subsequently found her guilty. Ms. Brown appealed. Because the State did not prove the existence of the charged offense, we conclude that the trial court erred in denying the motion for judgment of acquittal on this charge and reverse.
 

 “In reviewing a motion for judgment of acquittal, a de novo standard of review applies.”
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002) (citing
 
 Tibbs v. State,
 
 397 So.2d 1120 (Fla.1981)). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Pagan,
 
 830 So.2d at 803 (citing
 
 Banks v. State,
 
 732 So.2d 1065 (Fla.1999)).
 

 To determine whether the State presented sufficient evidence for the jury to find that Ms. Brown was driving under the influence with damage to the property of another, we review the statute defining the offense:
 

 (3) Any person:
 

 (a) Who is in violation of subsection (1) [by driving or being in actual physical control of a vehicle while under the influence of drugs or alcohol to a certain degree];
 

 (b) Who operates a vehicle; and
 

 (c) Who, by reason of such operation, causes or contributes to causing:
 

 1. Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
 

 § 316.193(3), Fla. Stat. (2007).
 

 Subsection (3)(c)(l) requires the State to prove that the damaged property belonged to someone other than the defendant. But the State provided no evidence that someone other than Ms. Brown owned the 1997 Chevy truck. Without evidence of this element, no rational trier of fact could have found that the State had proven the existence of the charged offense. Because the trial court should have granted the motion for judgment of acquittal, we reverse and remand for the trial court to vacate the conviction and sentence for driving under the influence with damage to the 1997 Chevy truck. We affirm Ms. Brown’s other convictions and sentences without comment.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and LaROSE, JJ„ Concur.