COHEN, J.
Javierre Gibbs appeals his judgment and sentence after a jury convicted him of DUI manslaughter. Gibbs raises three issues on appeal, only one of which merits discussion. Gibbs argues that the trial judge abandoned his role as an impartial arbiter and failed to consider the totality of the circumstances when deciding whether he should be provided leniency under the sentencing guidelines. Finding no abuse of discretion in the sentence, we affirm.
The decision to impose a downward departure sentence involves a two-step process. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). First, the trial judge must determine whether a legal basis for a downward departure has been proved by a preponderance of the evidence. Id. Next, assuming grounds for departure have been established, the trial judge must decide whether departure is the best sentencing option. Id. at 1068. As a part of that determination, the trial judge must weigh the totality of the circumstances, including aggravating and mitigating factors. Id.
It is undisputed that the first prong of the two-step process was satisfied. Gibbs presented numerous witnesses who- testified about his character and his remorse over having caused the death of a friend. Consequently, the trial judge determined that Gibbs established grounds for a downward departure under section 921.0026(2)(j), Florida Statutes. See State v. VanBebber, 805 So.2d 918, 921 (Fla. 2d DCA 2001). It is in the application of the second prong that Gibbs claims that the trial judge erred.
Gibbs relies upon Barnhill v. State, 140 So.3d 1055 (Fla. 2d DCA 2014) (en banc), as authority. Barnhill was charged with twenty counts of possession of child pornography. Id. At the sentencing hearing, the trial judge discussed testimony presented by experts in prior cases and focused on one study that found that fifty percent of individuals who possess child pornography have hands-on contact with children. Id. However, no evidence was presented that Barnhill ever had hands-on contact with children. Id. In reversing and remanding, the Second District found that evidence from other hearings factored into the trial judge’s decision not to depart downward, and that the trial judge improperly “lumped Barnhill with all similarly charged defendants,” without taking into consideration the testimony presented at sentencing. Id. at 1061. The court further noted:
[I]t could not be believed that Barnhill received a hearing in a dispassionate environment before a fair and impartial judge. Rather, the transcript reflects the trial judge here was deeply concerned not by the facts specific to Barn-hill’s case but by the general nature of the crimes involved and the potential for defendants charged with these types of crimes to progress into crimes involving “hands-on” contact with children. Thus the trial judge at least implied that he would not consider a downward departure in child pornography cases as a general policy.

Id.

We read Barnhill narrowly. The ease does not say that the nature of the offense is an improper consideration in sentencing; rather, the nature of the offense cannot be *734 the only factor, as that would effectively nullify the statutory scheme.
In this case, the trial judge considered whether it was appropriate under the circumstances to impose a downward departure. After discussing the impact of the crime on the victim’s family, he stated:
The intentional part of it is drinking and getting behind the wheel; which endangers others. There are far, far too many that are slaughtered on our highways and far too many of them lose their lives due to someone consuming alcohol, then driving .... I think the reason the Legislature has included or prescribed such significant penalties for DUI manslaughter are the loss to the victim’s family as well as the deterrent value to others. When others see that drinking and driving that results in a death can result in a serious sentence, it has some value in deterring other people from engaging in that behavior.
These comments are insufficient to prove that the judge abandoned his role as an impartial, neutral arbiter. Trial judges do not lose their humanity upon donning a robe, nor are they prohibited from recognizing and considering the impact of the crime on the victim and the community. Error occurs only when a judge’s beliefs prevent the proper application of the law. Here, the judge’s comments do not demonstrate that he, as a personal policy, would not consider a downward departure in a DUI manslaughter case, and did not consider a downward departure in the instant case. Accordingly, we do not find that the trial judge abused his discretion in failing to impose a downward departure sentence.
AFFIRMED.
SAWAYA and BERGER, JJ„ concur.