# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-939, 3D14-938, 3D14-937,
3D14-936, 3D14-935
Lower Tribunal Nos. 08-718-K, 13-114-K,
12-739-K, 08-57-B-K, 08-716-K

_____

**The State of Florida,**
Appellant,

vs.

**Shamichael Juliet Johnson,**
Appellee.

Appeals from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellee.

Before SUAREZ, C.J., and ROTHENBERG, and FERNANDEZ, JJ.

FERNANDEZ, J.

The State of Florida appeals the trial's court's downward departure sentence. We reverse and remand for resentencing because the trial court improperly found that Shamichael Juliet Johnson's confession satisfied the statutory ground for cooperation, pursuant to section 921.0026(i), Florida Statutes (2011).

The trial court placed Johnson on probation for the offense of attempted robbery, and for two offenses for the sale of cocaine within 1000 feet of a place of worship. Johnson violated probation in the three cases after which the State charged her with possession of oxycodone with intent to sell, possession of less than 20 grams of marijuana, and battery by a person detained in prison or jail.

Johnson faced a term of imprisonment of over one-hundred years for all of the cases. The probation violations alone constituted a maximum term of ninety-years imprisonment. An adjudication of the new law violations constituted a term of imprisonment of twenty-one years with a minimum sentence of eight-years and nine months. Johnson entered a guilty plea, which the trial court accepted.

Johnson sought a departure sentence to which the State objected, arguing that she had received lenient dispositions that precluded her eligibility for a departure sentence. The trial court granted a departure sentence on the statutory ground that Johnson "cooperated with the State to resolve the current offenses [when she entered] guilty pleas and cooperated with law enforcement during their investigations into [the] crimes." The non-statutory grounds for departure were that

2

Johnson had received previous downward departures, had never been to prison before, and she was the mother of a young child.

The trial court imposed a sentence of five-years imprisonment for the battery on an inmate offense; one-year imprisonment for the possession of marijuana offense; and a nine-year split sentence with five-years imprisonment followed by four-years suspended sentence of drug offender probation for the possession of oxycodone drug offense.

The trial court revoked probation in all cases. It imposed a sentence of five-years imprisonment for the offense of attempted robbery; and a sentence of nine-years with five-years imprisonment followed by a four-year suspended sentence of probation for each of the sale of cocaine within 1000 feet of a place of worship offense.

A downward departure sentence must be supported with valid reasons. See State v. Barr, 947 So. 2d 1277, 1278 (Fla. 3d DCA 2007); State v. Smith, 23 So. 3d 229 (Fla. 3d DCA 2009). The trial court must first determine whether there is a valid legal basis for its departure sentence that is supported with facts proven by a preponderance of the evidence. See Banks v. State, 732 So. 2d 1065, 1068 (Fla. 1999); State v. Mann, 866 So. 2d 179, 181 (Fla. 5th DCA 2004). The trial court's determination involves a mixed question of law and fact, and it will be sustained

on review provided the trial court applied the correct rule of law and competent substantial evidence supports the trial court's ruling. <u>Banks</u>, 732 So. 2d at 1067.

The trial court must further determine whether a departure sentence represents the best sentencing option for the defendant. <u>Id</u>. at 1068. The trial court is required to weigh the totality of the circumstances, including aggravating and mitigating factors. <u>Id</u>. The decision to depart falls within the sound discretion of the trial court and will be sustained on review absent an abuse of discretion. <u>Id</u>.

The State is correct that Johnson's cooperation with the police is an insufficient statutory ground to justify the downward departure sentence. The statutory mitigating factor of cooperation is found in section 921.0026(i), Florida Statutes (2011). Cooperation requires more than a confession to the authorities after arrest and guilty plea. <u>See</u> <u>State v. Knox</u>, 990 So. 2d 665, 668 (Fla. 5th DCA 2008). "A departure sentence is not warranted where a defendant merely "cooperated after [the] offense was discovered because that cooperation did not solve a crime." <u>Id</u>.

Johnson's cooperation did not resolve the current offenses or any other offense. <u>See</u> <u>State v. White</u>, 894 So. 2d 293, 294 (Fla. 2d DCA 2005)(holding that cooperation was insufficient where the defendant's cooperation was based on his confession to the charged crimes). <u>See also</u> <u>State v. Collins</u>, 482 So. 2d 388 (Fla.

4

5th DCA 1985). Johnson's cooperation thus does not qualify as a statutory mitigating ground. The trial court's departure on this basis is invalid.

We therefore reverse and remand for resentencing because the trial court improperly found that Johnson's confession satisfied the statutory ground for cooperation, pursuant to section 921.0026(i), Florida Statutes (2011). The trial court, however, is permitted to reassess the non-statutory factors to determine whether the totality of the circumstances warrant the imposition of a downward departure sentence. It is well within its discretion to do so.

Reversed and remanded for resentencing.