Gerber, J.
The state appeals from the circuit court’s order granting the defendant’s motion for a downward departure sentence. The state argues that the court’s reasons for departing from the permitted sentencing range, including the defendant’s “ignorance of the law,” were legally insufficient.
We agree that the court erred, as the state has argued. However, the state did not preserve the error. As explained in Banks v. State, 732 So.2d 1065 (Fla. 1999), a court undergoes a two-part process in determining whether to depart from a guidelines sentence:
First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1)....
Second, where the step 1 requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. ...
Id. at 1067-68 (internal footnotes omitted).
Here, although the state’s appeal argues that the court’s reasons for departing from the permitted sentencing range were legally insufficient (a step 1 argument), the state did not raise a step 1 *656 argument to the court. Instead, the state raised only a step 2 argument to the court:
Your Honor, as you know, as [defense counsel] has pointed out, the standard in a downward departure motion is whether the judge can versus should. Yes, Your Honor, you can depart fi'om the guidelines, but should you? And the State’s position is that no, you should not..
(emphasis added).
Because the state raised only a step 2 argument to the court, the state did not preserve the step 1 error. See § 924.051(3), Fla. Stat. (2016) (“An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.... ”); § 924.051(l)(b), Fla. Stat. (2016) (“‘Preserved’ means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.”). The error here does not constitute fundamental error.
Based on the foregoing, we are compelled to affirm the defendant’s downward departure sentence.

Affirmed.

Taylor and Klingensmith, JJ., concur.