749 So.2d 555 (2000)
STATE of Florida, Appellant,
v.
Gregory L. STEWART, Appellee.
No. 2D99-2166.
District Court of Appeal of Florida, Second District.
January 14, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
STRINGER, Judge.
The State appeals the imposition of a downward departure sentence. We reverse because there was insufficient evidence to support the departure sentence.
Gregory Stewart was charged with felony petit theft. Stewart entered a plea of no contest based on an agreement with the trial court that he would receive a five-year suspended sentence and two years of probation. The State objected to the downward departure sentence. The trial court sentenced Stewart in accordance with the plea agreement. On the guidelines checklist reasons for departure, the trial court marked as a mitigating circumstance that "the defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment." Additionally, the trial court wrote "defendant has advanced AIDS!" The record however does not contain any evidence that Stewart requires specialized treatment that cannot be provided by the Department of Corrections or that Stewart was amenable to such treatment. In fact, the record does not contain any evidence of Stewart's medical condition or treatment requirements.
We therefore reverse Stewart's sentence and remand for resentencing within the guidelines. Since the sentence was imposed pursuant to a plea agreement with the trial court, on remand Stewart should be given the opportunity to withdraw his plea. If Stewart withdraws his plea, the trial court may again impose a departure sentence provided the departure sentence is based on competent substantial evidence. See State v. Holley, 702 So.2d 601 (Fla. 2d DCA 1997).
Reversed and remanded.
PARKER, A.C.J., and WHATLEY, J., Concur.