762 So.2d 965 (2000)
STATE of Florida, Appellant,
v.
Nicholas PETRINGELO, Appellee.
No. 2D99-3433.
District Court of Appeal of Florida, Second District.
May 31, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
J. Kevin Hayslett, Clearwater, for Appellee.
WHATLEY, Judge.
The State appeals the downward departure sentences that the trial court entered after Petringelo admitted to violating his probation. The trial court based the departure on two reasons. We conclude that neither reason was supported by the evidence and reverse.
In departing downward from the guidelines, the trial court found that Petringelo required specialized treatment for addiction and he was amenable to such treatment, and it found that the need for the payment of restitution outweighed the need for a prison sentence. However, the defense presented no evidence in support of these two departure reasons.
A finding that the defendant is amenable to treatment must be based on competent substantial evidence. See Herrin v. State, 568 So.2d 920 (Fla.1990); State v. Benjamin, 685 So.2d 1335 (Fla. 2d DCA 1996). See Banks v. State, 732 So.2d 1065 (Fla.1999) (holding that to establish a sufficient legal ground for a downward departure sentence, the defense must prove the facts supporting the ground by a preponderance of the evidence). Here, there was no evidence that Petringelo was amenable to treatment. Therefore, departure was improperly based on the finding that Petringelo required specialized treatment for addiction and he was amenable to such treatment.
Regarding the trial court's finding that the need for restitution outweighed the need for a prison sentence, evidence that would support such a finding includes the nature of the victim's loss, the effectiveness of restitution, and the consequences of imprisonment. See State v. Knopp, 765 So.2d 164 (Fla. 2d DCA 2000). When the defense offers no evidence of these factors other than the argument of counsel, the departure must be reversed. Id. Because the defense presented no evidence *966 to support these factors, departure was improper. See Banks, 732 So.2d at 1068-1069.
Accordingly, we reverse Petringelo's departure sentences and remand for resentencing within the guidelines. Since Petringelo's sentences were the result of a plea agreement between Petringelo and the trial court, Petringelo should be given the opportunity to withdraw his plea on remand. See State v. Cohen, 667 So.2d 438, 439 (Fla. 2d DCA 1996).
THREADGILL, A.C.J., and DAVIS, JJ., Concur.