765 So.2d 164 (2000)
STATE of Florida, Appellant,
v.
Jacline Rose KNOPP, Appellee.
No. 2D99-2347.
District Court of Appeal of Florida, Second District.
June 30, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellant.
*165 Richard N. Watts, St. Petersburg, for Appellee.
PARKER, Acting Chief Judge.
The State of Florida appeals a downward departure sentence which the trial court entered after Jacline Rose Knopp admitted to a violation of probation. Because we find that the departure sentence was not supported by competent substantial evidence, we reverse.
The underlying crime in this case is first-degree robbery, which Knopp and some accomplices committed in the convenience store where she worked. At the original sentencing, the trial court departed downward based in part on the need for $3,200 in restitution to the store owner. Knopp twice violated probation, this time by testing positive for cocaine. Pursuant to an agreement with the trial court, Knopp admitted to the violation in exchange for a two-year term of drug offender community control, with six months in jail as a special condition. The sentence was a downward departure, which the trial court based on a finding that the need for restitution outweighed the need for prison.
The sentencing hearing was extremely brief. The sentencing guidelines scoresheet called for a minimum state prison sentence of 51.6 months. The only evidence offered to support a downward departure consisted of defense counsel's representations that Knopp had taken her GED; that she had enrolled in drug treatment; that her drug counselor had written the judge a letter noting that she was doing well in treatment;[1] and that her accomplices, who were both in prison, had not paid restitution. Counsel also represented that Knopp had reduced her restitution amount from $3,200 to $900.
The State correctly argues that this evidence is insufficient to support a downward departure. In order to establish a sufficient legal ground for departure, the defense must prove the facts supporting the ground by a preponderance of the evidence. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). An appellate court should affirm a departure only if it finds competent substantial evidence in support of it. Id. Evidence which would support a departure based on the need for restitution versus the need for imprisonment includes the nature of the victim's loss, the effectiveness of restitution, and the consequences of imprisonment. Id. at 1069. However, when the defense fails to offer evidence of these factors apart from the argument of defense counsel, a departure cannot be sustained. See State v. Amodeo, 750 So.2d 664, 666-67 (Fla. 5th DCA 1999); State v. Bleckinger, 746 So.2d 553, 556 (Fla. 5th DCA 1999).
Because Knopp did not offer any evidence to support a downward departure based on the need for restitution other than argument by defense counsel, we are compelled to reverse and remand for resentencing. See State v. Stewart, 749 So.2d 555, 555 (Fla. 2d DCA 2000). While we can understand the trial court's determination that the guidelines sentence might not be proportional to the violation in this case, we must adhere to the applicable law. Since the sentence resulted from a plea agreement between Knopp and the trial court, Knopp should be given the opportunity to withdraw her plea on remand. Id. In the event that Knopp withdraws her plea, the trial court may again impose a downward departure sentence provided it is supported by competent substantial evidence. Id. Otherwise, Knopp must be resentenced within the guidelines. Id.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] There is nothing in the record to suggest that this letter was offered into evidence at the hearing.