CASANUEVA, Judge.
The State appeals from the downward departure sentence imposed on Joseph A. Nicolosi for attempted purchase of cocaine, contending that the departure reasons were not supported by substantial competent evidence. We reverse.
Mr. Nicolosi was arrested and charged with attempted purchase of crack cocaine from an undercover police officer on October 19, 2001. Rather than use real cocaine in this sting operation, the police had chosen the safer alternate of selling macadamia nuts, which look very much like crack cocaine. At a hearing in which Mr. Nicolo-si pleaded guilty to the reduced charge of *282 attempted possession of cocaine, the court expressed a concern that law enforcement was concentrating its resources on purchasers rather than sellers of illegal drugs and posed a valid query: “I thought the whole intervention process was to stop the stuff from getting there, not the folks that are in the addiction phase and need help. So we are ensnaring him so we can incarcerate him?” The State’s equally valid response was that the charge was viable.
During the sentencing hearing, the State established that Mr. Nicolosi’s prior record included possession of paraphernalia, an assault, and two lewd and lascivious charges. Based on this record, Mr. Nico-losi scored a minimum guideline sentence of twenty-four months’ imprisonment for attempted possession of cocaine. Rather than the minimum required sentence, the trial court offered and, when accepted, imposed a downward departure sentence of county jail time, finding as a basis that the offense was an isolated incident committed in an unsophisticated manner for which the defendant had shown remorse. The State did not consent to the departure sentence.
To establish a legal ground for departure, the defense must prove the supporting facts by a preponderance of the evidence. State v. Knopp, 765 So.2d 164, 165 (Fla. 2d DCA 2000). When defense counsel’s representations provide the only foundation for the departure, as in this case, the reasons are legally invalid. State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999).
We must reverse Mr. Nicolosi’s sentence for lack of record evidence to support the departure. However, because the court induced his plea by its representations, on remand Mr. Nicolosi must be given an opportunity to withdraw his plea. On resentencing after further proceedings, the court may again impose a downward departure if it finds that the defense has introduced legally sufficient evidence to support it.
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.