832 So.2d 255 (2002)
STATE of Florida, Appellant,
v.
James Leroy BRALEY, Appellee.
No. 2D01-3334.
District Court of Appeal of Florida, Second District.
December 11, 2002.
Richard E. Doran, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee/Cross Appellant.
CASANUEVA, Judge.
The State challenges a downward departure sentence imposed by the trial court based upon a claimed need for restitution. We find merit in the State's contention that there was no evidence to support the departure basis and reverse.
James Braley was charged with burning a Lexus automobile for the purpose of defrauding an insurer. The lowest permissible sentence under the guidelines for the charges Mr. Braley faced was 27.15 months' imprisonment. At a plea and sentencing hearing, the court, perceiving a need for considerable restitution, offered Mr. Braley a departure sentence that included a term of community control followed by a period of probation. The State objected, noting that it had no contact with the insurance company regarding a need or desire for restitution, that the defendant had a prior criminal history, and that Mr. Braley had previously received the benefit of a community control sentence. Without evidence of the need for restitution, the State argued, the court could not legally impose a downward departure sentence. We agree.
*256 In State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999), this court observed that a critical problem exists when no evidence is presented to support a finding of a departure basis. Where the grounds for departure are provided solely through the representations of defense counsel, as here, the basis is legally insufficient, and the lack of competent evidence mandates reversal of the departure sentence.
In a case similar to this, State v. Knopp, 765 So.2d 164 (Fla. 2d DCA 2000), the State challenged a downward departure based upon a trial court finding that the need for restitution outweighed the need for prison. Again, the only evidence supporting the downward departure were defense counsel's bare representations, which this court held insufficient. "In order to establish a sufficient legal ground for departure, the defense must prove the facts supporting the ground by a preponderance of the evidence." Id. at 165. In the absence of competent substantial evidence of the need for restitution, the departure cannot be sustained.
Based on Bernard and Knopp, we reverse the departure sentence imposed by the court. On the basis of the same authority, we direct that on remand Mr. Braley must be given an opportunity to withdraw his plea, because his plea was induced by the court. See Knopp, 765 So.2d at 165; Bernard, 744 So.2d at 1135. On resentencing after further proceedings, the trial court may again impose a downward departure sentence if it finds sufficient competent evidence for mitigation.
Reversed and remanded with instructions.
BLUE, C.J., and KELLY, J., concur.