831 So.2d 1254 (2002)
STATE of Florida, Appellant,
v.
David Keith TEAL, Appellee.
No. 2D02-1301.
District Court of Appeal of Florida, Second District.
December 13, 2002.
*1255 Richard E. Doran, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellee.
CASANUEVA, Judge.
After he violated his probation, David Teal received a downward departure sentence of eighteen months' prison instead of the guidelines' recommendation of forty months to ten years. At the conclusion of a hearing at which the prosecutor and defense attorney discussed Mr. Teal's health problems, the court offered and Mr. Teal accepted the mitigated sentence. Upon taking the plea, however, the court stated simply that it had elected to "depart from the guidelines for the reasons presented"; no written document reflecting mitigating reasons was ever filed by the court. The State now contends that Mr. Teal's sentence must be reversed because the court failed to express a valid oral or written reason for departure. We reverse.
At the sentencing hearing the attorneys engaged in extensive discussion about Mr. Teal's heart condition and the monitoring demanded by his pacemaker. Mr. Teal's health situation was obviously a significant factor in the judge's decision to impose a downward departure sentence. Among the statutory mitigating circumstances listed in section 921.0026(2), Florida Statutes (2001), is: "(d) The defendant requires specialized treatment ... for a physical disability, and the defendant is amenable to treatment." In all cases, however, facts supporting the departure must be proven by a preponderance of the evidence, and representations of an attorney are insufficient to satisfy that requirement. State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999). Here, although there was a discussion of medical records, none appear to have been presented to the judge; furthermore, no one testified concerning the defendant's medical condition and need for specialized treatment, not even Mr. Teal himself.
In this case the court expressed reasons for departure but failed to clarify *1256 them at the conclusion of the hearing. As such it is distinguishable from those instances in which a court absolutely fails to state any reasons, which requires sentencing within the guidelines on remand. See State v. Wishhart, 738 So.2d 1004 (Fla. 2d DCA 1999). Here, Mr. Teal's situation might justify departureif proven by a preponderance of the evidence. Because the evidence was insufficient to support the court's decision to depart downward, however, we reverse and remand for further proceedings. And because the sentence was the result of an agreement induced by the trial court, on remand Mr. Teal should be given an opportunity to withdraw his plea. Bernard; State v. Holley, 702 So.2d 601 (Fla. 2d DCA 1997). On resentencing after further proceedings, the court may again depart downward from the guidelines if it finds that the defense has proven legally sufficient reasons.
Reversed and remanded.
BLUE, C.J., and KELLY, J., concur.