879 So.2d 99 (2004)
STATE of Florida, Appellant,
v.
Charles SCOTT, Appellee.
No. 2D03-2605.
District Court of Appeal of Florida, Second District.
August 6, 2004.
*100 Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellee.
CANADY, Judge.
The State appeals from the downward departure sentence imposed on Charles Scott. The departure purportedly was based on cooperation by Scott and a need for restitution. Because there was no evidence to support the downward departure, we reverse.
Scott pleaded guilty to the third-degree felony charge of obtaining property in return for a worthless check in violation of section 832.05, Florida Statutes (2001). Scott had issued the worthless check to his bankruptcy attorney. The sentence computation on Scott's Criminal Punishment Code scoresheet reflected 56.9 total sentence points with a resulting lowest permissible prison sentence of 21.675 months. Over the stated objection of the State that the sentence was an impermissible downward departure, Scott was sentenced to twenty-four months' probation and directed to make restitution in the amount of $890 for the dishonored check.
A downward departure sentencei.e., a sentence less severe than the lowest permissible sentence shown on the Criminal Punishment Code scoresheet"is prohibited unless there are circumstances or factors that reasonably justify the downward departure." § 921.0026(1), Fla. Stat. (2001); see also § 921.00265(1). The trial court stated on the record that the mitigating circumstances justifying the downward departure were that the need for payment of restitution outweighed the need for a prison sentence and that Scott cooperated with the State to resolve another offense. See § 921.0026(2)(e), (l). Scott pleaded guilty only after the court stated, "I'm going to go ahead and depart on this." Before sentencing Scott, the court stated concerning Scott: "He understands the maximum sentence he can receive. He understands the actual sentence I'm going to give him."
On appeal, the State correctly contendsand Scott concedesthat the downward departure sentence of probation with restitution must be reversed. Reversal is required because no evidence of any kind was adduced at the sentencing hearing to support the downward departure. Section 921.002(1)(f) provides that "[t]he level of proof necessary to establish facts that support a departure from the lowest permissible sentence [under the Criminal Punishment Code] is a preponderance of the evidence." Of course, where no evidence is submitted to support the departure sentence, the statutory standard is not met. See State v. Amodeo, 750 So.2d 664, 666 (Fla. 5th DCA 1999) (holding that record "utterly fail[ed] to support the reasons given for the departure sentence" where "[n]o testimony was given under *101 oath by anyone"); State v. Bleckinger, 746 So.2d 553, 556 (Fla. 5th DCA 1999) (holding that since no evidence was adduced at the sentencing hearing the court could not find that cooperation by the defendant warranted a downward departure); see also State v. Braley, 832 So.2d 255, 256 (Fla. 2d DCA 2002); State v. Petringelo, 762 So.2d 965, 966 (Fla. 2d DCA 2000); State v. Owens, 848 So.2d 1199, 1202 (Fla. 1st DCA 2003); State v. Quintanal, 791 So.2d 23, 24 (Fla. 3d DCA 2001); State v. Schillaci, 767 So.2d 598, 600 (Fla. 4th DCA 2000); State v. Silver, 723 So.2d 381, 382, 383 (Fla. 4th DCA 1998).
Scott correctly argues that on remand he should be permitted to withdraw his plea since the plea was induced by the trial court's statement that the court was ordering a downward departure sentence of twenty-four months' probation and restitution. In reversing downward departure sentences as unsupported by sufficient grounds or evidence, this court repeatedly has ordered that a defendant be permitted to withdraw a plea induced by the sentencing court's statement that the court would impose the downward departure sentence. See Braley, 832 So.2d at 256; State v. Teal, 831 So.2d 1254, 1256 (Fla. 2d DCA 2002); State v. Nicolosi, 830 So.2d 281, 282 (Fla. 2d DCA 2002); State v. Rosa, 774 So.2d 730, 731 (Fla. 2d DCA 2000); State v. Knopp, 765 So.2d 164, 165 (Fla. 2d DCA 2000); Petringelo, 762 So.2d at 966.
Accordingly, the sentence of twenty-four months' probation with restitution is reversed and the matter remanded to the circuit court for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and DAVIS, JJ., concur.