CANADY, Judge.
The State appeals William J. Young’s downward departure sentences for burglary of an unoccupied dwelling and grand theft. Because there was no evidence sup *302 porting downward departure sentences on these two offenses, we reverse and remand.
Young was charged in one case with lewd and lascivious battery and in another case with burglary of an unoccupied dwelling and grand theft. Young entered no contest pleas to all three offenses. Young scored a minimum of 98.8 months in prison on his Criminal Punishment Code score-sheet for the offenses. The trial court sentenced him on all three counts to downward departure sentences of one year in jail followed by probation based on the trial court’s findings that the victim of the lewd and lascivious battery (Young’s ex-girlfriend) was a willing participant and that Young was too young to appreciate the consequences of his actions. The trial court also cited Young’s age and acceptance of responsibility as further reasons for the departure.
The State argues that the trial court erred in sentencing Young to departure sentences on the burglary and grand theft counts because there was no evidence introduced at the sentencing hearing supporting downward departures for either offense. We agree.
The evidence introduced at the sentencing hearing supporting a downward departure related solely to the lewd and lascivious battery charge, and there was no evidence adduced to support the downward departure reasons as they apply to the burglary and grand theft charges. The challenged downward departure sentences therefore violate the prohibition in section 921.0026(1), Florida Statutes (2003), of downward departure sentences that applies “unless there are circumstances or factors that reasonably justify the downward departure.” See State v. Scott, 879 So.2d 99 (Fla. 2d DCA 2004) (reversing downward departure sentence because there was no evidence adduced to support the departure); State v. Canty, 858 So.2d 367 (Fla. 3d DCA 2003) (reversing a downward departure sentence for grand theft because the reasons given related to another case and had no apparent relationship to the grand theft charge). Accordingly, we reverse the burglary and grand theft sentences and remand to the trial court for imposition of guidelines sentences. See State v. Sahadeo, 890 So.2d 464, 465 (Fla. 2d DCA 2004).
Reversed and remanded.
STRINGER and VILLANTI, JJ., Concur.