PER CURIAM.
 

 Twenty-year-old Kendal Ford was charged with grand theft of a vehicle. He had been previously convicted of five felonies, four of which were violent, in three separate cases. The State informed the trial court that Ford’s sentencing guidelines dictated 21.055 months to five years in state prison and that restitution would be sought. The State proposed a plea offer of 21.055 months, but the court offered two years of reporting probation, fifty hours of community service, and restitution “based on the need for restitution,” noting that Ford “currently has a job.” Ford accepted the court’s offer and was adjudicated guilty. The State appeals.
 

 The Florida Criminal Punishment Code states that “[t]he primary purpose of sentencing is to punish the offender.” Section 921.002(l)(b), Fla. Stat. (2009). Therefore, a trial court’s decision to impose a downward departure sentence will be sustained on review only “if the court applied the right rule of law[,] ... if competent substantial evidence supports the ruling,” and if the court did not abuse its discretion in deciding that “departure is
 
 *727
 
 indeed the best sentencing option for the defendant in the pending case.”
 
 Banks v. State,
 
 732 So.2d 1065, 1067-68 (Fla.1999). As the record before us fails to make the required showing, it is irrelevant whether the sentence is one the trial court
 
 could have
 
 legally imposed.
 

 A victim’s need for restitution is a valid reason for a downward departure sentence only if competent, substantial evidence shows that “[t]he need for payment of restitution to the victim outweighs the need for a prison sentence.” Section 921.0026(2)(e), Fla. Stat. (2009);
 
 see Banks,
 
 732 So.2d at 1067. In other words, “there must be some evidence of the victim’s need.”
 
 Demoss v. State,
 
 843 So.2d 309, 312 (Fla. 1st DCA 2003). The trial court must make “findings such as the nature of the victim’s loss, the effectiveness of restitution, and the consequences of imprisonment.”
 
 State v. Owens,
 
 848 So.2d 1199, 1202 (Fla. 1st DCA 2003) (citing
 
 State v. Petringelo,
 
 762 So.2d 965, 965 (Fla. 2d DCA 2000)). Here, there was no evidence presented of the victim’s need or even the likely amount of restitution. The trial court’s sole finding was that Ford had a job, a fact that has no bearing on the victim’s need. Furthermore, “there is no reason that restitution could not be made a condition of any post-incarceration probation.”
 
 State v. White,
 
 755 So.2d 830, 832 (Fla. 5th DCA 2000);
 
 see
 
 § 775.089, Fla. Stat. (2009); § 948.03(l)(e), Fla. Stat. (2009).
 

 Ford argues that although the record does not support the departure under section 921.0026(2)(e), it does support a departure under section 921.0026(2)(?), Florida Statutes (2009), which allows youthful offender sanctions if the defendant is between eighteen and twenty years old, is pleading guilty to a felony, and has never before been sentenced as a youthful offender. However, the trial court made no oral or written findings that it considered youthful offender sanctions as a basis for a downward departure, as is required by statute.
 
 See
 
 § 921.002(3), Fla. Stat. (2009) (“Any sentence imposed below the lowest permissible sentence must be explained in writing .... ”);
 
 accord
 
 § 921.00265(2), Fla. Stat. (2009) (requiring a “written statement ... delineating the reasons for the departure”). Ford cannot assume that the trial court would have imposed youthful offender sanctions in lieu of a downward departure for restitution, as such sanctions are discretionary.
 
 Woodson-Kenon v. State,
 
 963 So.2d 347 (Fla. 4th DCA 2007).
 

 For the foregoing reasons, we vacate the departure sentence imposed and remand for sentencing before a different judge, where the defendant may elect to either withdraw his plea or be resentenced within the guidelines.
 

 Reversed and remanded.