NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                      )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No.   2D13-5355
                                       )
CLAY MONTGOMERY,                       )
                                       )
          Appellee.                    )
_____)

Opinion filed November 7, 2014.

Appeal from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellant.

Joseph T. Hobson of Hobson Law Firm,
LLC, Clearwater, for Appellee.


KELLY, Judge.


        The State appeals from the sentence imposed on Clay Montgomery after

he entered a plea to aggravated battery.  The State argues that no evidence was

presented of the victim's need for restitution to support a downward departure from the

recommended guidelines range.  We agree and reverse.

Before trial of the case commenced, the parties engaged in unsuccessful plea negotiations. The State offered Montgomery a cap of four years in prison, which Montgomery rejected. Thereafter, Montgomery's defense counsel, the victim, and the victim's civil lawyer negotiated "a settlement" in which the victim agreed to accept payment of $50,000 in exchange for a release from any further civil or criminal actions against Montgomery. The State expressed the belief that the offense was worthy of a prison sentence and objected to any disposition below the minimum recommended guidelines sentence of 35.4 months' imprisonment. The trial court acknowledged the State's objection but engaged in a discussion with the victim as to whether, in his view, restitution in lieu of prison time would be an acceptable disposition of the case. Based on the victim's assent, the trial court adjudicated Montgomery guilty, placed him on five years of probation, and ordered payment of $50,000 in restitution to the victim.

The primary purpose of sentencing is to punish the offender. § 921.002(1)(b), Fla. Stat. (2011). A settlement and release of liability on a civil claim for damages between private parties does not prohibit the trial court from fulfilling its obligation to impose criminal sanctions. See Kirby v. State, 863 So. 2d 238, 242 (Fla. 2003). A victim's need for restitution is a valid reason for departure from the sentencing guidelines under section 921.0026(2)(e), if the evidence shows that the victim's actual need outweighs the need for imprisonment. State v. Adkison, 56 So. 3d 880, 883 (Fla. 1st DCA 2011). A trial court's imposition of a downward departure sentence will be upheld on appeal only if competent, substantial evidence supports the ruling and if the court did not abuse its discretion in finding that departure is the best sentencing option for the defendant. State v. Ford, 27 So. 3d 725, 726-27 (Fla. 3d DCA 2010) (citing

Banks v. State, 732 So. 2d 1065, 1067-68 (Fla. 1999)). "[E]vidence that would support such a finding includes the nature of the victim's loss, the effectiveness of restitution, and the consequences of imprisonment." State v. Petringelo, 762 So. 2d 965, 965 (Fla. 2d DCA 2000) (citing State v. Knopp, 765 So. 2d 164 (Fla. 2d DCA 2000)). "When the defense offers no evidence of these factors other than the argument of counsel, the departure must be reversed." Id. See Banks, 732 So. 2d at 1067. In this case, the victim never testified under oath about his need for restitution, the extent of his injuries, or his financial loss. No medical bills were introduced into evidence. Without any evidence of the victim's actual need for restitution, the trial court abused its discretion in departing from the recommended guidelines sentencing range.

Accordingly, we reverse Montgomery's downward departure sentence. Because the sentence resulted from a plea agreement, on remand, Montgomery must be given the opportunity to withdraw his plea. Knopp, 765 So. 2d at 165. If Montgomery does withdraw his plea, the trial court may again impose a downward departure sentence provided the reason for departure is supported by a preponderance of the evidence. See id.; State v. Stewart, 749 So. 2d 555 (Fla. 2d DCA 2000).

Reversed and remanded for further proceedings.

VILLANTI and LaROSE, JJ., Concur.