723 So.2d 381 (1998)
STATE of Florida, Appellant,
v.
Alan SILVER, Appellee.
No. 97-3478.
District Court of Appeal of Florida, Fourth District.
December 30, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We deny the motion for rehearing but withdraw our previously issued opinion and substitute the following in its place.
Over the objection of the state, the trial court entered a downward departure sentence upon appellee's plea to racketeering and organized fraud based upon a scheme whereby telemarketers offered telephone callers non-existent overseas jobs for a fee. Because there was no evidentiary basis for the departure sentence, we reverse.
Prior to entering a plea, appellee moved for a downward departure sentence, asserting that he was "a relatively minor participant in the criminal conduct," see section 921.0016(4)(b), Florida Statutes (1993), and "the offense was committed in an unsophisticated *382 manner and was an isolated incident for which the defendant has shown remorse," see section 921.0016(4)(j). The trial court held two hearings on the motion. At neither hearing did appellee's attorney offer any evidence to support the grounds for departure, but instead relied on the argument that his client's participation was minor and that he had shown remorse. Moreover, he alleged that his client would be more capable to pay restitution to the victims if he were working. The trial court offered the appellant a couple of options and noted that it could make a downward departure based upon the need for restitution. No evidence was offered as to restitution.
At the second hearing, the state proffered the testimony of the investigating detective to refute appellee's counsel's uncorroborated assertion at the prior hearing that appellee was a minor participant in the fraudulent scheme. The detective explained the telemarketing operation. Defendant had been a "closer" for the scheme and was employed for a substantial period of time during which All Global, the telemarketing company, did business in Coral Springs. While it later existed for another nine months after moving to Boca Raton, appellee was no longer associated with the business. However, after investigating the operation, of the 50 people employed both in Coral Springs and Boca, only 17 were indicted. The detective explained that they targeted for prosecution the ownership, the management, and the closers who actually consummated the deals. She testified that appellant had a significant number of deals during the two-month period he worked relative to the other closers, completing 61 fraudulent deals, totaling $15,190, from which he received a salary of $8,740. Although some persons worked for the operation longer than appellee, the prosecutors based their decisions to charge on the number of complaints and the number of deals closed. Moreover, the detective testified that appellee made many comments to other workers that showed his knowledge of the illegality of the deals he was making. The trial court sentenced appellee to a downward departure sentence, stating as reasons for departure that it was "more important that restitution be made than defendant be imprisoned," and that appellee was a relatively minor participant.
Since the offenses in the present case were committed in 1992, and appellee made no "affirmative election" to be sentenced under the 1994 amended guidelines, the 1991 sentencing guidelines apply. See Bello v. State, 547 So.2d 914, 919 (Fla.1989). With regard to departure sentences, section 921.001(5), Florida Statutes (1991), provides, in pertinent part:
A departure sentence shall be based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence.

(emphasis added); see also Green v. State, 662 So.2d 748, 749-50 (Fla. 4th DCA 1995); State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996).
At the pre-plea and the sentencing hearings, appellee presented only legal argument to support his proposed departure grounds; the state vigorously objected to appellee's factual contentions and introduced the detective's testimony to refute same. Appellee failed to introduce any evidence to refute this testimony nor did he present any evidentiary support for departure on the grounds that he was a "minor participant". Appellee also did not provide any evidence, e.g., a victim's testimony, that restitution to the victims was more important than incarceration. In fact, the hearing showed that the state could not even contact some of the victims. Each victim had suffered about a $300 loss, and the crime had occurred nearly five years before the hearing.
In addition, this court has previously condemned the widespread practice of trial counsel presenting only argument in lieu of evidence to establish certain facts:
the practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts *383 in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Leon Shaffer Golnick Adver. Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982); see also Sabina v. Dahlia Corp., 650 So.2d 96, 99 (Fla. 2d DCA 1995)(in absence of stipulation, trial court unable to make factual determination based solely on attorney's unsworn statements); Houck v. State, 421 So.2d 1113, 1115-16 (Fla. 1st DCA 1982)(trial court erred in soliciting and considering attorney's unsworn testimony). In the instant case, the error resulting from counsel's improper presentation of only unsworn testimony resulted in the trial court's reliance on the unsworn representations in departing from the guidelines sentence.
The detective's testimony and her cross-examination does not directly or by inference support the conclusion that appellant's participation in the scheme was minor. In fact, the detective testified that they charged only persons with significant involvement, based on complaints and the number of closings. Therefore, the only inference which can be drawn is that appellee was one of the most significant closers in the illegal scheme.
Where, as here, appellee presents no evidence in support of a downward departure sentence, he fails to meet the burden of proving a departure factor by a preponderance of the evidence. See State v. Licea, 707 So.2d 1155, 1157 (Fla. 2d DCA 1998)(downward departure factors applied by trial court "were not proven by a preponderance of the evidence because no testimony or evidence was presented"); State v. Chesney, 509 So.2d 380, 381 (Fla. 2d DCA 1987) (where there is no record evidence establishing downward departure basis, sentence must be reversed; defense counsel's assertions alone not sufficient to justify departure).
Because we find that neither departure reason is supported by the record, we reverse the sentence. However, since the downward departure was imposed over the state's objection and based upon the appellee's plea to the court, appellee should be given the opportunity to withdraw his plea and go to trial, or if he chooses not to withdraw his plea, to be sentenced within the guidelines by the court. See State v. Grononger, 615 So.2d 869, 869-70 (Fla. 4th DCA 1993).
STONE, C.J., and GROSS, J., concur.