898 So.2d 1111 (2005)
STATE of Florida, Appellant,
v.
John Leland CHAMPION, II, Appellee.
No. 2D04-2020.
District Court of Appeal of Florida, Second District.
March 30, 2005.
*1112 Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
FULMER, Judge.
The State appeals from the downward departure sentence imposed on John Leland Champion, II. Because the departure reasons were not supported by a preponderance of the evidence, we reverse.
Champion pleaded guilty to the charges of burglary and grand theft. The minimum Criminal Punishment Code sentence for Champion's offenses, according to the scoresheet, was 36.45 months' imprisonment. Over the State's objection, the trial court sentenced Champion to fifteen months' probation.
The trial court gave two reasons for departing from the Criminal Punishment Code. The first reason given was that the need for restitution outweighed the need for Champion to go to prison. The second reason was described by the trial court as "the fact of the relationship between the parties, the past relationship." However, no evidence was presented at the sentencing hearing to support the departure. Champion's counsel and the assistant state attorney both presented arguments, but their statements were unsworn and cannot support a downward departure sentence. See State v. Bleckinger, 746 So.2d 553, 555-56 (Fla. 5th DCA 1999). Therefore, the lack of evidence to support the departure requires a reversal.
On remand, Champion should be given the opportunity to withdraw his guilty plea because it was induced by the trial court's representation that he would receive a probationary sentence. See State v. Braley, 832 So.2d 255, 256 (Fla. 2d DCA 2002). If, after further proceedings, the trial court finds that sufficient evidence supports a downward departure, it may again impose a departure sentence. See State v. Bernard, 744 So.2d 1134, 1136 (Fla. 2d DCA 1999).
Reversed and remanded with directions.
ALTENBERND, C.J., and WHATLEY, J., Concur.