963 So.2d 281 (2007)
STATE of Florida, Appellant,
v.
Terrell WILLIAMS, Appellee.
No. 4D06-1902.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
Opinion on Grant of Rehearing September 19, 2007.
*282 Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, J.
The state appeals a downward departure sentence which the trial court imposed for appellee's plea to felony driving while license revoked as a habitual offender. It claims that the grounds alleged were not lawful reasons for departure nor were they proved by a preponderance of the evidence. We agree and reverse.
In a plea hearing on appellee's charges, appellee argued for a downward departure below his lowest permissible guidelines sentence of 21.45 months. Appellee's counsel pointed to appellee's youth (twenty-two), his "confidential diagnosis" of a serious disease, and "extreme duress" based upon the fact that the charges arose after an officer stopped Williams in his car as he was leaving the hospital after the birth of his first child. No evidence was presented on these grounds for departure. The trial court agreed to downward depart based upon appellee's youth and diagnosis and sentenced appellee to 180 days in jail but did not enter a written order specifying the grounds for downward departure.
We articulated the two-step process for departure sentences and their review in Staffney v. State, 826 So.2d 509, 511 (Fla. 4th DCA 2002):
A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground. Legal grounds are set forth in case law and statute and the facts supporting the ground must be proved by a preponderance of the evidence. This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.
Second, where the requirements set out above are met, the court must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant. In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating facts. This decision is within the sound discretion of the court and will be sustained on review absent an abuse of discretion.
See also Banks v. State, 732 So.2d 1065 (Fla.1999). The trial court erred in determining the first step of the procedure.
The court erred in granting a downward departure, because no evidence was presented to support a departure. The facts supporting a ground for departure must be proved by a preponderance of the evidence. Staffney, 826 So.2d at 511. Where a defendant presents no evidence, he fails to meet the burden of proving a departure factor by a preponderance of the evidence. State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998). In this case, the court only heard the arguments of counsel for both partiesno testimony or evidence was presented. Counsel's unsworn statements presented at a sentencing *283 hearing cannot support a downward departure sentence. State v. Champion, 898 So.2d 1111 (Fla. 2d DCA 2005). "[R]epresentations of an attorney alone are insufficient to form a valid basis for departure." State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999).
As to the issue of appellant's age, section 921.0026(2)(k), Florida Statutes, permits a downward departure if "[a]t the time of the offense the defendant was too young to appreciate the consequences of the offense." The trial court knew that appellee was age twenty-two, which would hardly place him in the category of being too young to appreciate the consequences of driving with a revoked license. However, even assuming that age twenty-two could ever qualify for a departure under this section, a defendant's youthful age alone will not justify a departure sentence. State v. Salgado, 948 So.2d 12 (Fla. 3d DCA 2006). "There must also be evidence that the defendant is emotionally immature or lacks ordinary intelligence." Id. at 15. "[T]he statute specifically requires that the defendant must also be unable to appreciate the consequences of the offense in order to be eligible for a downward departure." Id. at 16 (emphasis in original). In the instant case, no evidence was presented that Williams was too young to appreciate the consequences of his offense.
The trial court also departed based upon his "confidential diagnosis." An "illness" is not listed as a statutory mitigating circumstance. See § 921.0026, Fla. Stat. In addition, not only was there no evidence of his illness other than his lawyer's statement, there was no evidence as to how his condition impacted any other ground for mitigation. For example, there was no evidence that Williams required specialized treatment for his illness. See § 921.0026(2)(d), Fla. Stat. (statutory ground for downward departure exists where "[t]he defendant requires specialized treatment for . . . a physical disability, and the defendant is amenable to treatment.").
Finding no lawful ground for departure which was proved by competent substantial evidence, we reverse and remand for the imposition of a guidelines sentence.
POLEN and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
Per Curiam.
We grant Williams's motion for rehearing and modify our directions on remand to clarify that Williams may also file a motion to withdraw his plea. See State v. Skidmore, 755 So.2d 647, 648-49 (Fla. 4th DCA 1999).
WARNER, POLEN and HAZOURI, JJ., concur.