OPINION ON MOTION FOR REHEARING AND/OR CLARIFICATION OR REHEARING EN BANC
 

 CLARK, J.
 

 We grant Appellant’s Motion for Rehearing and/or Clarification or Rehearing
 
 *1169
 
 En Banc in part, to the extent that we withdraw our August 6, 2009, opinion and substitute as follows:
 

 The State appeals a downward departure sentence imposed by the trial court after Appellee’s plea of guilty to the six counts in the amended information. While Appellee’s sentence scoresheet resulted in a minimum guidelines sentence of 33.15 months’ imprisonment, the trial court sentenced Appellee to 48 months of imprisonment, suspended, conditioned upon completion of ten years’ probation. The State argued on appeal that the factors relied upon by the trial court to support the downward departure were not supported by competent substantial evidence. We agree, reverse, and remand for resentenc-ing.
 

 Based upon his plea, entered on March 3, 2008, Appellee was adjudicated guilty of two counts of sale or delivery of cocaine; two counts of possession of cocaine with intent to sell, manufacture, or deliver; possession of cocaine; and possession of drug paraphernalia relating to cocaine.
 

 During sentencing hearing, the trial judge explained that the basis for the suspended prison term was Appellee’s “relatively young age, his unsophistication,” and that “he was too young to appreciate the consequences of the offense.” In its written order specifying the reasons for the departure, the court stated that Appellee was “too young to appreciate fully the consequences of his actions” due to his “young age combined with his below normal level of intellect and maturity” and his “low emotional maturity.” The court further found that Appellee’s “involvement in the crime was unsophisticated and the Defendant showed obvious remorse for his actions.” Finally, in its written finding that a departure sentence was the best sentencing option for Appellee, the court found that Appellee “has the capacity for rehabilitation while on probation.” At the time the offenses in this ease were committed, Appellee was 23 years of age. The offenses in this case constituted Appellee’s third violation of probation for previous charges involving cocaine.
 

 Section 921.0026, Florida Statutes (2007), provides:
 

 A downward departure from the lowest permissible sentence, as calculated according to the total sentence points ... is prohibited unless there are circumstances or factors that reasonably justify the downward departure.
 

 As stated in
 
 State v. Owens,
 
 848 So.2d 1199, 1201 (Fla. 1st DCA 2003), “[t]he decision to impose a downward departure is a two-part process.” The trial court first determines “whether it
 
 can
 
 depart, 1.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1).”
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999)(emphasis in original). A nonexclusive list of valid legal grounds which could be applied to this case is contained in section 921.0026, Florida Statutes (2007). If a valid legal ground exists, and is adequately supported by facts in the record, the sentencing court then proceeds to Step 2, where it “must determine whether it
 
 should
 
 depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.”
 
 Id.
 
 at 1068 (emphasis in original). While Step 2 is a judgment call within the sound discretion of the sentencing court which will be affirmed unless no reasonable person would agree with the court’s decision, Step 1 is “a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.”
 
 Id.
 
 at 1067.
 

 
 *1170
 
 The trial court’s written finding, that a departure sentence was the best sentencing option for Appellee because he “has the capacity for rehabilitation while on probation” was clearly Step 2 of the process, was within the trial court’s discretion, and is not challenged on appeal. Step 1 is the subject of this appeal, because the State argues that the grounds for departure relied upon by the trial court were not adequately supported by facts in the record.
 

 While the trial court did not refer to the particular statutory circumstances it relied upon, the first reason for departure, Appellee’s “unsophistication” and “remorse,” relates to section 921.0026(2)(j), Florida Statutes. That statute allows downward departure if “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” § 921.0026(2)©, Fla. Stat. The court noted that, due to Appellee’s record, he could not conclude that the offenses were “an isolated incident.” While it is true that Appellee had never before been convicted of sales of cocaine, the possession convictions resulted from actions taking place while Appellee was on probation from previous possession charges. This mitigator requires proof of all three elements in order to support a downward departure.
 
 State v. Subido,
 
 925 So.2d 1052 (Fla. 5th DCA 2006). The trial court correctly declined to find that the six counts in this case were isolated incidents, and the valid legal ground in section 921.0026(2)© was not adequately supported by the facts of this case.
 

 The trial court’s second reason for departure, Appellee’s “young age combined with his below normal level of intellect and maturity” which “made it clear that the Defendant was too young to appreciate fully the consequences of his actions” relates to section 921.0026(2)(k), that “[a]t the time of the offense the defendant was too young to appreciate the consequences of the offense.” However, the record shows that at the time of the offenses in this case, Appellee was 23 years old and was for the third time violating his probation for previous drug possession charges. There was no evidence presented tending to show that Appellee suffered from diminished mental capacity or other mental deficit which prevented him from maturing enough by age 23 to appreciate the consequences of his offenses.
 
 See State v. Williams,
 
 963 So.2d 281 (Fla. 4th DCA 2007) (22-year-old defendant “hardly” in category of being too young to appreciate consequences of driving without license);
 
 State v. Salgado,
 
 948 So.2d 12 (Fla. 3d DCA 2006) (no evidence to show that 21-year-old defendant was
 
 unable
 
 to appreciate consequences; age and conclusion of immaturity alone are not sufficient). The lack of any evidence showing some mental defect which inhibited Appellant’s ability to appreciate the consequences of his offenses makes the trial court’s reliance on this mitigator erroneous.
 
 [1]
 

 The record does not contain competent and substantial evidence to support the trial court’s downward departure. Thus, the downward departure does not comport with the law. The trial court’s compassion and optimism for Appellee and his family are insufficient to legally support the downward departure sentence imposed.
 

 
 *1171
 
 Accordingly, we REVERSE the sentence on appeal and REMAND for resen-tencing within the guidelines.
 

 Because the plea entered by Appellee on March 3, 2008 did not indicate that it was entered conditionally upon any agreement about the sentence to be imposed, this reversal of the sentence does not provide Appellee with a basis upon which to withdraw his plea.
 

 KAHN and DAVIS, JJ., concur.
 

 [1]
 

 . Although not argued by the parties on appeal or specifically referred to by the sentencing court, the lack of evidence showing some mental incapacity also precluded the use of section 921.0026(2)(c), Florida Statutes, that Appellee’s capacity "to appreciate the criminal nature of his conduct or to conform his conduct to the requirements of the law was substantially impaired,” as support for the downward departure.