SILBERMAN, Judge.
The State seeks review of the downward departure sentences the trial court imposed against James A. Reith for seven sale and possession charges arising from four different transactions in August, September, and October 2007. The State argues that Reith failed to present competent, substantial evidence to support the departure. We agree and reverse.
Although Reith’s scoresheet reflected a minimum sentence of 16.5 months’ incarceration, the trial court imposed concurrent sentences of four years of drug offender probation with a special condition of eight months in county jail for each of the charged offenses in exchange for Reith’s guilty plea. Over the State’s objection, the court found that the downward departure was warranted because Reith was a minor participant in the offenses and the charged crimes were committed in an unsophisticated manner and were isolated incidents. These findings would support a downward departure sentence under section 921.0026(2)(b) and (j), Florida Statutes (2007), if they were supported by compe *910 tent, substantial evidence. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999).
However, Reith failed to present any evidence to support the downward departure. Instead, the court erroneously relied on the unsworn assertions of defense counsel. See State v. Champion, 898 So.2d 1111, 1112 (Fla. 2d DCA 2005); State v. Walters, 12 So.3d 298, 303 (Fla. 3d DCA 2009). We therefore reverse and remand with directions for the trial court to allow Reith to withdraw his plea because it was induced by the court’s representation that Reith would receive a downward departure sentence. See Champion, 898 So.2d at 1112. If, after additional proceedings, Reith presents sufficient evidence in support of downward departure sentences,[1] the court may again impose such sentences.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.

. Based on the factual circumstances described by trial counsel, we tend to agree with the following observation by the trial court regarding the application of section 92 1.0026(2)(j) to this case: ''I’ve never understood how four sales or three sales could be isolated inciden[t]s, because they happen sequentially.”