PER CURIAM.
’ The State of Florida appeals the downward departure sentence imposed on David Knight after Knight entered a no contest plea to a charge of third-degree grand theft. Knight properly concedes error and, according, we reverse and remand for re-sentencing or to allow Knight to withdraw his plea.
Knight entered a plea to the charge of third-degree grand theft His prior record included 21 felony convictions and 6 misdemeanor convictions. His sentencing guidelines scoresheet totaled 52.8 < points. - As such, Knight’s, lowest .permissible sentence under Florida’s Criminal Punishment Code (CPC) was 18.6 months in the Department of Corrections. However, the trial court imposed a six-month sentence, suspended upon successful completion of two years’ probation.
By statute, the trial court must at least impose the lowest permissible sentence required under the CPC unless a valid basis for imposing a departure sentence is established. § 921.00265(1), Fla. Stat. (2015); see also State v. Roper, 915 So.2d 622, 624 (Fla. 5th DCA 2005).
The CPC authorizes the trial court to downwardly depart when
[t]he defendant’s offense is a nonviolent felony, the defendant’s Criminal Punishment Code scoresheet total sentence points under s. 921.0024 are 60 points or fewer, and the court determines that the defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in' the program as part of the sentence.
§ 921.0026(m), Fla. Stat. (2015).
Knight scored- less than 60 points and was being sentenced for a non-violent felony; however, the trial court made no determination that Knight was amenable to the services of a postadjudicatory treatment-based drug court program or that he was qualified to participate in such a program. Accordingly, the court’s entry of the downward departure sentence was error. . : .
Knight’s sentence is reversed and this cause is remanded with instructions to allow Knight to either withdraw his plea and proceed to trial or to elect to be re-sentenced in conformancé with" the CPC. See Jackson v. State, 64 So.3d 90, 92-93 (Fla.2011); State v. Reith, 43 So.3d 909, 910 (Fla. 2d DCA 2010).
REVERSED and REMANDED.
SAWÁYA, PALMER and EDWARDS, JJ., concur.