EDWARDS, J.
The State appeals the downward departure imposed on Appellee James Michael Browne’s-sentence for his second violation of probation. Because the only statutory basis given by the trial court for the downward departure is not supported by com *378 petent, substantial evidence, we reverse. Though the lowest permissible sentence under the Criminal Punishment Code was 15.15 months in the Department of Corrections, the trial court imposed a downward departure sentence of 51 weeks in the county jail. ’ See § 921.002(1)’(bj, Fla. Stat. (2015).1 The trial court’s reasons for imposing the downward departure were that Appellee had no prior record, the crimes were a third-degree felony and a first-degree misdemeanor, and he was toó young to appreciate the consequences of the original offense and the alleged probation violations.
The record reveals that Appellee was 21 years old ¡at the time he committed his initial, offenses: ..attempted burglary of a dwelling and petit theft. Pursuant to his plea agreement, Appellee was sentenced to three years probation for those crimes. After completing a year and a half of probation at the age of 23, he committed a second violation of probation by driving under the influence. The 51-week sentence in county jail was given in connection with Appellee’s no contest plea to the second violation.
When analyzing a downward departure sentence, appellate courts must first determine whether “the trial court applied the correct rule of law and whether competent, substantial evidence supports the trial court’s reason for imposing a downward departure sentence.” State v. Leverett, 44 So.3d 634, 636 (Fla. 5th DCA 2010) (citing State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004)). Section 921.0026(2), Florida Statutes (2015), sets forth a list of mitigating circumstances that permit the imposition of a downward departure. Only one reason given by the trial judge at the time of the offense, that Appellee was too young to appreciate the consequences of the offense, is found on that list. § 921.0026(2)(k), Fla, Stat. (2015). The defendant bears the burden of proving a departure factor by the preponderance of the evidence. See State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998).
Youthful age, alone, is not sufficient proof of the aforementioned mitigating factor. Leverett, 44 So.3d at 637-38. Although Appellee notes that he has only completed the tenth' grade, there was no evidence presented to establish that he “suffered from diminished mental capacity or other mental deficit which prevented him from maturing enough by age 23 to appreciate the consequences of his offenses.” State v, Jerry, 19 So.3d 1167, 1170 (Fla. 1st DCA 2009) (citing State v. Williams, 963 So.2d 281, 283 (Fla. 4th DCA 2007) (holding that the defendant being 22 years old “would hardly place him in the category of being too young to appreciate the consequences of driving with a revoked license”)); see also State v. Salgado, 948 So.2d 12, 15-16 (Fla. 3d DCA 2006) (finding downward departure unwarranted where no evidence that the 21 year old defendant was emotionally immature, lacked ordinary intelligence or was otherwise unable to appreciate the consequences of his offenses).
We find there was no' competent, substantial proof that Appellee was too young to appreciate the consequences of his offenses. Therefore, the trial court erred in imposing the downward departure sentence. We reverse and remand for further proceedings. Appellee shall.be presented with the opportunity to withdraw his no contest plea to the charged second violation of probation and proceed to violation of probation hearing or to be sentenced in conformance with the Criminal Punishment Code, which may include a new downward departure sentence as long as it is supported by a legally sufficient basis. See Jackson v. State, 64 So.3d 90, 93 (Fla.2011); State v. Reith, 43 So.3d 909, 910 *379 (Fla. 2d DCA 2010); State v. Ahua, 947 So.2d 637, 637 (Fla. 3d DCA 2007).
REVERSED AND REMANDED.
PALMER and TORPY, JJ., concur.