IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D16-4123

DYLAN RAY STEWART,

     Appellee.

_____/

Opinion filed October 5, 2017.

An appeal from the Circuit Court for Santa Rosa County.
Ross M. Goodman, Judge.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

PER CURIAM.

The State appeals a downward departure sentence imposed by the trial court after Appellee entered an unconditional nolo contendere plea to multiple counts in five separate cases. The State argues, and Appellee concedes, that the statutory

grounds relied upon by the trial court for the downward departure sentence were not supported by competent substantial evidence. Nevertheless, Appellee argues that we should affirm his sentence because the record contains evidence of a non-statutory ground for a downward departure sentence. We reject this tipsy-coachman argument because the ground asserted by Appellee on appeal was not discussed below and, thus, the State did not have an opportunity to rebut or oppose this ground. See State v. Hodges, 151 So. 3d 531, 536 (Fla. 3d DCA 2014).

Accordingly, we reverse Appellee's sentence and remand for resentencing at which the trial court may again impose a downward departure sentence if there is evidence to support a legally-valid ground. See Bryant v. State, 148 So. 3d 1251, 1258 (Fla. 2014). However, because Appellee pled unconditionally to the offenses, he has no basis upon which to seek to withdraw his plea. See State v. Jerry, 19 So. 3d 1167 (Fla. 1st DCA 2009).

REVERSED and REMANDED for resentencing.

ROBERTS, WETHERELL, and ROWE, JJ., CONCUR.